# Commonwealth ex rel. *v.* Murphy (No. 1).

*Criminal law—Sentence—Terms of court—Adjourned court—Schuylkill county.*

1. In Schuylkill county where a person has been convicted at a regular term of the criminal court, he may be sentenced at an adjourned court, and the day to which the court was adjourned is to be treated for that purpose as part of the term. A subsequent day before the beginning of the next regular term, to which the court is again regularly adjourned may, with equal propriety, be treated as part of the term for the purpose of reconsidering, altering, or revoking the sentence.

2. Where a person is convicted by a jury before one of the three judges of the court, and he is subsequently sentenced by the three judges sitting together, and thereafter the trial judge makes an order suspending the sentence until the matter should be considered by his associates and himself acting together, and finally the other two judges make an order refusing to modify the original sentence, and directing that it should not be further suspended, such order is a proper and legal one and will be upheld by the Superior Court against the prisoner in habeas corpus proceedings brought by him in that court.

Argued Oct. 6, 1910. Petition for habeas corpus Nos. 126 and 127, Oct. T., 1910, in suits of Commonwealth ex rel. William J. Jones and William E. Grow v. Patrick J. Murphy, Sheriff of Schuylkill County, and James Walton, Warden of the Schuylkill County Prison. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Prisoner remanded.

Petitions for writ of habeas corpus.

The petition to the Superior Court for the writ of habeas corpus was as follows:

"On September 2, 1909, your relator, and the four other election officers of the William Penn polling district of West Mahanoy Township, Schuylkill County, were arrested for making a false return and making a false list of voters at the primary election of June 5th, 1909. Your relator was indicted on November 8th, 1909, on

two charges, in indictments Nos. 1409 and 1409–A of September Term, 1909. At the November Term of court each of the other four election officers were separately indicted, in two separate bills for each, for the same offenses, growing out of the same primary election. The cases of all five defendants were called for trial together on Friday, March 11th, 1910, in the Court of Quarter Sessions of the Peace, before Judge C. N. Brumm, one of the three Common Pleas Judges of Schuylkill County. Counsel for both the Commonwealth and for the defense asked for a separate trial for each defendant. But notwithstanding the fact that there were five defendants, each indicted for two offenses, making ten indictments in all, the application of both the Commonwealth and the defense for separate trials, was overruled, and the several defendants were compelled to go to trial together. They were all convicted on both indictments, respectively, on March 15th, 1910. The only substantial reason presented in the motion in arrest of judgment and for a new trial, was the fact that the Court had refused the defendants separate trials. This motion was overruled on April 18th, 1910; and on the same day sentence was imposed on your relator under indictment and conviction No. 1409, for making a false return—which sentence was, one dollar fine, costs, three years' imprisonment in the Schuylkill County Jail, and depriving him of the right of suffrage absolutely for a term of four years."

After his sentence, petitioner for the first time employed counsel, who prepared a petition for him, a copy of which is hereto attached (marked exhibit "A"), and presented the same to the trial judge, C. N. Brumm, on April 28, 1910, praying the court, inter alia, to permit him to establish the truth of all the allegations set out in the petition, and to revoke the sentence passed upon him on Monday, April 18, 1910. The trial judge fixed Saturday, April 30, 1910, at eleven A. M. for a hearing on said petition. At that hearing all the counsel representing the commonwealth and the defense at the trial, and the

counsel who presented the petition, were present. The trial judge sat during the morning and afternoon sessions, until after four o'clock P. M., and then made the following order:

"And now, April 30, 1910, the Court having heard the testimony of William Jones and William Grow and Mrs. Grow, taken under cross-examination in the presence of all the counsel concerned, both for the Commonwealth and the defense, and after argument of counsel, and the motion being made and action taken within the term in which they were convicted and sentenced, the Court now revoke the sentence passed upon the said Jones and Grow on April 18, 1910, and suspend sentence in the case in which they were sentenced, until I have an opportunity to consult with my colleagues on the matter, and that they each enter into bail to be approved of by Court, in the sum of five thousand dollars.

"We wish to add to that, we do this because it is now fifteen minutes after four o'clock on Saturday, the thirtieth day of April, the last day of the term."

The same day bail was perfected in accordance with the said order, in the sum of $5,000; and on the following day your relator was released from custody.

Judges ARTHUR L. SHAY and H. O. BECHTEL, the other two common pleas judges, on Monday, May 9, 1910—neither of whom had any part in the trial of petitioner, and neither of whom heard the testimony presented at the hearing on April 30—each handed down an opinion, copies of which are hereto attached (marked exhibits "B" and "C"), making the following order:

"And now, May 9, 1910, the order of Judge BRUMM of April 30th, 1910, revoking the sentence of William Jones and William Grow, passed and entered by this Court on Monday, April 18th, 1910, is set aside, the rule is discharged and the sentence is reinstated as though the above order were never made, and the High Sheriff of Schuylkill County is directed and ordered to take into his custody forthwith the said William Jones and William

Grow and deliver them into the possession of the warden of the Schuylkill County Prison for the fulfillment of the sentence imposed. By the Court. ARTHUR L. SHAY, P. J.; H. O. BECHTEL, A. L. J."

On the same day that Judges SHAY and BECHTEL made the order directing the sheriff to remand the prisoner to jail, in pursuance of that order the sheriff returned your relator to jail, where he is still detained unlawfully.

The trial judge, C. N. BRUMM, on Monday, May 16, 1910, handed down his opinion (hereto attached, marked exhibit "D"), and made the following order theron:

"I therefore insist that the order made by me to revoke these sentences, shall stand and that these defendants shall be released under bail until their cases are finally disposed of under said order. C. N. BRUMM, J. C. P."

"Your petitioner is informed and believes that the trial judge who imposed the sentence and heard his petition for a revocation of sentence, and whose conscience was moved to revoke the sentence before the next succeeding term, acted within his legal prerogative and right, and that his order of April 30, 1910, and the reaffirmation of the same on May 16, 1910, entitles your petitioner to his liberty in accordance with the said orders and under the provisions thereof.

"The other two common pleas judges, who had taken no part in the trial, had not heard any of the testimony at the trial or hearing on the petition for revocation of sentence, had no jurisdiction to direct the sheriff to seize your relator and return him to the county jail, where the sheriff unlawfully took him, and where he is now unlawfully detained, in the custody of the warden of the said jail. The said sheriff and warden refuse to obey the said order of the trial judge, directing them to admit your relator to bail as aforesaid.

"Therefore, your relator prays the court to award a writ of habeas corpus against the said Patrick J. Murphy, sheriff of Schuylkill county, and James Walton, warden of the Schuylkill County Prison, returnable forthwith,

that cause may be shown why your relator should not be discharged and set free, as per order of the said trial judge; and that your relator may be brought before your honors, to do, submit to, and receive what the laws may require."

On the above petition the writs of habeas corpus were awarded and the relators were released under bail.

*Wm. Wilhelm,* with him *E. J. Maginnis,* for relators, cited: Greason's Petition, 205 Pa. 630; Webster v. Coal & Coke Co., 201 Pa. 278; Com. v. Gabor, 209 Pa. 201; O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136; Com. v. Leonard, 15 York, 25; Carroll v. Com., 84 Pa. 107; Com. v. Thompson, 18 Pa. C. C. Rep. 487; Com. v. Zimmerman, 19 Pa. Dist. Rep. 248.

*W. F. Lyons,* district attorney, and *G. E. Farquhar* with him, for the commonwealth, cited: Williams v. Com., 29 Pa. 102; Briceland v. Com., 74 Pa. 463; Com. v. Mayloy, 57 Pa. 291; Horton v. Miller, 38 Pa. 270; Cherry Twp. Overseers v. Marion Twp. Overseers, 96 Pa. 528; Com. v. Dunleavy, 16 Pa. Superior Ct. 380; Cahill v. Benn, 6 Binn. 99; Madlem's App., 103 Pa. 584; Butts v. Armor, 164 Pa. 73; Myers v. Coal Co., 212 Pa. 193; Zerbey v. Allan, 215 Pa. 383; Thomas v. Borden, 222 Pa. 184.

OPINION BY RICE, P. J., March 3, 1911:

During the same term in which it was given a judgment was amendable, at common law, in form or in substance, but after that term it was amendable no further than was allowed by the statute of amendments: 2 Tidd's Pr. 942. The reason given for the distinction was that during the term the record was in the breast of the judges and not in the roll: Blackamore's Case, 8 Coke's Reports, *157 (a); Bac. Abr., Amendment and Jeofail.   While the reason for the rule of the English courts, arising from the peculiar manner in which the record was there made up and kept, does not exist with us, the rule as to opening or

vacating judgments obtained adversely has been recognized in many cases as existing here: Mather v. Patterson, 33 Pa. 485. A leading case, where its application to sentences upon indictments was elaborately considered, is Com. v. Mayloy, 57 Pa. 291. It was there held that the criminal courts of this state have not power, when sentence is passed, to enter a rule to reconsider their judgment and at a subsequent term alter the sentence. For a stronger reason the court cannot reconsider its judgment in a subsequent term, where no rule to reconsider was entered in the term when sentence was pronounced. There must come a time when this power to reconsider and alter or revoke a sentence must cease, and, by the great weight of authority, it ceases when a new term begins. But in many counties of the state the courts, by virtue of authority conferred upon them by statute, fix the length of their regular terms with reference to the time that will likely be required for the trial of jury cases, with the result that there is an interim between trial terms, and in that interim hold sessions pursuant to adjournments from day to day or from time to time. For some statutory purposes the term fixed by statute or rule of court is held not to comprise such adjourned courts, but this is for the reason that the legislative intent requires the thing to be done at the regular fixed term. See Overseers of the Poor of Cherry Twp. v. Overseers of the Poor of Marion Twp., 96 Pa. 528. It is well settled, however, that a person convicted by the jury at a regular term may be sentenced at one of these adjourned courts, Williams v. Com., 29 Pa. 102, but in such case, if the position of commonwealth's counsel be correct, the court has not power to reconsider and alter or revoke the sentence at a subsequent adjourned court, even though it be prior to the beginning of the next term. It will be seen, upon a moment's reflection, that, under this strict interpretation of the rule under consideration, the court has no power to revoke a sentence imposed at an adjourned court. No Pennsylvania case of binding

authority has come to our notice in which this has been expressly decided, and, in the absence of such decision, we are unwilling to adopt the conclusion to which the argument of counsel leads. The better view seems to be that when sentence is imposed at an adjourned court, the. day to which the court was adjourned is to be treated for that purpose as part of the term. This is conceded by the commonwealth's counsel, and we are not convinced that a subsequent day, before the beginning of the next term, to which the court is again regularly adjourned may not, with equal propriety, be treated as part of the term for the purpose of exercising the power under consideration. This view has some support in Leib v. Com., 9 Watts, 200, 221. We therefore do not sustain the first proposition of counsel for the commonwealth.

Their second proposition is that the order of April 30, 1910, even if made within the term, was made by a judge of the court, and not by the court, and, therefore, was invalid. We do not understand it to be claimed that the court had not been regularly adjourned to April 30; and while it is true that only the trial judge was present at that session, it seems to be undisputed that the other two judges of the court had notice of the application for reconsideration to be then presented. If counsel mean by their statement of the proposition that the presence of a majority of the judges of the court is invariably essential to the validity of a session at which an application for reconsideration of a sentence is to be presented and acted on, we cannot agree to the proposition. Section 2 of the Act of April 7, 1876, P. L. 19, provides as follows: "In any county forming a separate judicial district the president judge or additional law judge of the court of common pleas of such county, or either of them in the absence of the other, shall have power to hold courts of quarter sessions, and oyer and terminer and orphans' court, and to hear and determine all causes, matters and things cognizable therein." It is common practice for the trial judge, the court being regularly convened, to impose sentence although he be

sitting alone. Such action is not the action of the judge, but of the court, and the same is ordinarily true where he is the only judge sitting at the time of an application to reconsider a sentence imposed by him. But here a somewhat different question is presented, which arose in this way. The relator was convicted by the jury before one of the judges of the court. The rule to show cause why a new trial should not be granted was considered by the three judges of the court, as is common practice where there is more than one judge, and all concurred, after consultation and deliberation, in discharging the rule and in the sentence imposed. If this were a case where one of these judges undertook, when sitting alone, though at a session of the court regularly convened, to substitute his discretion in the matter of the sentence for that of the three judges of the court exercised after deliberation and conference, it might well be questioned whether such action could be sustained: Butts v. Armor, 164 Pa. 73. But it seems, when the order of April 30 is considered as an entirety, that the judge presiding on that date did not undertake or assume the power unqualifiedly to overturn and set aside the deliberate action of the court in which all of the judges concurred. Apparently, his action was taken for the purpose of holding the defendant's application open for consideration by all of the judges at a subsequent date notwithstanding the expiration of the term. He did not undertake to order an indefinite suspension of sentence, but to suspend sentence until the matter should be considered by his associates and himself acting together. This we believe to be a fair interpretation of his order. It certainly would have been within the power of the court to resentence the relator, since, upon consideration, the court was of opinion that the punishment imposed by the original sentence should not be modified and that sentence should not be further suspended. The difference between that action and the action of the court on May 9, in which a majority of the judges concurred, is one of form rather than of substance, and we are not pre-

pared to hold that it is of sufficient importance to warrant us in discharging the relator from the operation of the latter order.

The petitioner, William J. Jones, is remanded to the custody of the warden of the Schuylkill county prison to serve out so much of his sentence as had not expired on May 25, 1910, the date upon which he was released under bail pending the disposition of this writ of habeas corpus.