## Commonwealth v. Miller

*Charles M. Koontz*, district attorney, for Commonwealth.

*Harry C. James*, for defendant.

WRIGHT, P. J., October 26, 1948.—Fred Miller, together with five others, was convicted of riot during the first week of our regular May term. His counsel stated in open court that defendant had received an eminently fair trial and presented him for immediate sentence. We are herein passing upon a rule to show cause why the sentence then imposed should not be now reduced.

Sentences imposed by the court may be reconsidered during the same term, but the power of the court to change a sentence expires with the end of the term within which the sentence was imposed: Commonwealth v. Carpenter, 163 Pa. Superior Ct. 30. In the leading case of Commonwealth v. Mayloy, 57 Pa. 291, it was held that this difficulty could not be cured by having the court during the term enter a rule to show cause why the sentence should not be reconsidered, when no action is taken upon the rule until after the expiration of the term.

A term of court is a continuous matter, notwithstanding the fact that the court may not be in session

every day. Until the commencement of the succeeding term, each day of adjourned court is considered a part of the prior term: Commonwealth ex rel. v. Murphy (No. 1), 45 Pa. Superior Ct. 185. In the present situation, counsel for defendant delayed presentation of his petition for the rule until the last day of the term within which the sentence was imposed. Obviously it was impossible to take action upon this rule during the term. It is now too late to change the sentence, even if we were so inclined.

### Decree

Now, October 26, 1948, rule discharged at the cost of petitioner.