ISAAC COOK, Appellant, v. TIMOTHY J. SKELTON, Appellee.

APPEAL FROM COOK.

| 20 | 107 |
| 44a | 327 |
| 20 | 107 |
| 191 | ³160 |

Where a statute has empowered a court of general jurisdiction to call special terms, it will be presumed, if a record recites that the court convened in pursuance of the order of the judge heretofore made of record, that a special term was in conformity to law.

The judge of a Circuit Court has power to adjourn its sessions for such short periods as in his discretion may seem proper, and an adjournment over two days is not error.

A default admits the material allegations of a declaration, and the only question remaining for trial is the amount of damages. On this investigation the defendant has not the right to give any evidence that will defeat the action, but only such as tends to reduce the damages.

PLACITA of the June special term, 1857, begun and held on the 22nd day of June, 1857, " in pursuance of the order of the judge of said court, heretofore made and entered of record," but does not give the order, nor state when it was entered, nor what, if any, notices were given.

Suit commenced by summons. Skelton, plaintiff, and Cook, defendant. June 2, 1857. Returnable to the said special term.

Declaration in assumpsit.

First count states that on 5th December, 1855, James S. Speed, George Steeley and H. G. McCulloch, and H. Y. McCulloch, made their note to the order of Cook for $1,500, payable, with interest, twelve months after the date thereof. Cook indorsed the same to the plaintiff; that the note was presented for payment 8th December, 1856, and payment refused; that the first term of court in said county was the January term of Cook Common Pleas, held on first Wednesday of January, 1857; that the plaintiff commenced suit on the 18th December, 1856, on said note against the makers in said Common Pleas, and issued summons to that term, which was served on Speed and Steeley, and not served on McCulloch; that such proceedings were thereupon had that, on the 7th January, 1857, he recovered judgment in that court on said note against Speed and Steeley, impleaded with McCulloch, for $1,597.50 and costs.

That on 9th January, 1857, he issued execution on that judgment to the sheriff of Cook county, which being delivered to the sheriff on 19th January, 1857, was by him, on the 7th April, 1858, returned no property found. That at the time the note became due, and ever since, McCulloch had left the State, by reason whereof defendant was liable, and in consideration thereof promised to pay, yet had not so paid.

Second count sets forth making of note by Speed, Steeley and McCulloch, and its indorsement by Cook, as in first count; that

Cook *v.* Skelton.

it had been presented and not paid; that the January term of the Cook Common Pleas was the first term of court in said county after note fell due. That at that term the plaintiff recovered judgment against Speed and Steeley, impleaded with McCulloch on said note, for $1,597.50 and costs; Speed and Steeley then being residents of said county, and on 19th December, 1856, served with process in that suit. That McCulloch, when note fell due, and ever since, was a non-resident of the State, and process could not be served on him. That said judgment was wholly due and uncollectable, whereby defendant became liable, and being liable, promised to pay said note.

Third count sets forth making note and its indorsement, as in first count, and that the commencement of a suit against the makers of the note, from the time same became due till commencement of the present suit, would have been unavailing. By means whereof plaintiff became liable, and being liable, promised to pay said note.

Common counts for money loaned, money paid, had and received, for goods sold, for labor done, and account stated.

June 24, 1857. Judgment by default; court assess damages at $1,639.39, and final judgment.

July 11, 1857. On motion of defendant, assessment of damages set aside.

July 16, 1857. Damages assessed at $1,644.20, and final judgment.

Bill of exceptions sets forth the first assessment and its vacation by the court; and then, that on Monday, the 13th July, court adjourned to Thursday the 16th July, and no court, in fact, held on Tuesday and Wednesday. That on the 16th, again come the parties. And thereupon the defendant asked leave of the court to file a plea and affidavit of merits, which was denied by the court, to which the defendant excepted.

And thereupon the defendant asked for a continuance of this cause because there had been an assessment of damages this term, which was refused by the court, and the defendant excepted, and thereupon the court, on motion of plaintiff, proceeds to assess the damages of the plaintiff, to which the defendant excepted, and the plaintiff introduced a note and its indorsement, as follows:

$1,500.                                              *Chicago, December* 5, 1855.

Three months after date we promise to pay to the order of Isaac Cook, fifteen hundred dollars, value received, with interest from date at rate of six per cent.

JAMES S. SPEED,
GEO. STEELEY,
*Indorsed,*                                         H. G. McCULLOCH.
I. Cook.

Cook *v.* Skelton.

And also introduced *F. H. Winston* as a witness, who testified : I know Speed and Steeley, the other man I know by sight; on the 5th of December, 1856, I can't tell where Steeley lived, except by hearsay. He never told me where he lived. I know where his family was then by reputation. He is a wandering man, being a surveyor; his family has always lived in Kentucky. Steeley told me he traveled round; he never told me where he resided, but has told me he thought of bringing his family up here. Have not seen Steeley here within the last eight months. I know McCulloch by sight; I don't recollect to have seen him here within a year or two. Firm of Speed, Steeley & McCulloch was dissolved over a year ago. I consider and know Speed insolvent. Steeley's condition I know by reputation. Don't know anything of McCulloch.

I got judgment against Speed, and he made an assignment in the Probate Court. I have an unsatisfied judgment against him.

The plaintiff here introduced the record of a judgment in the Common Pleas in favor of Timothy J. Skelton, against James S. Speed, George Steeley, impleaded with Hezekiah G. McCulloch, for $1,597.50 and costs.

And an execution from same court in favor of and against same parties, to the sheriff of Cook county, dated January 9, 1857; returned 7th April, 1857, no property found. Demand made of Speed; Steeley not found.

To which the defendant objected; overruled, and exception taken.

Other witnesses were called to show the insolvency of the makers of the note.

The court thereupon assessed the plaintiff's damages at $1,644.20.

The defendant moved the court to set aside the assessment of damages on account of the insufficiency of the evidence, the admission of improper evidence, and that the evidence did not warrant the assessment of damages. Which motion is denied by the court.

Errors assigned :

1st. The term of the court at and during which final judgment was rendered in said cause, does not appear by the record to have been held at the time and place, and convened in the manner, and notice thereof given as required by law.

2nd. For that before the rendition of said judgment during the said pretended special term, after the first day thereof, the court adjourned over from the 13th July to the 16th July, without any court being held on the 14th and 15th days of that month.

3rd. Because the court heard improper evidence in the assessment of damages.

4th. Because the evidence before the court was insufficient for the assessment of damages, and nothing but nominal damages should have been thereunder assessed.

5th. Judgment should have been for the defendant.

W. T. BURGESS, for Appellant.

SHUMWAY, WAITE & TOWNE, for Appellee.

WALKER, J. This was an action of assumpsit brought by Timothy J. Skelton against Isaac Cook, in the Cook Circuit Court, on the assignment of a note by Cook to Skelton. The declaration averred due diligence and a failure to collect the money of the makers. The suit was brought to the June special term, 1857 ; service was had, and appellant failing to plead, judgment was rendered by default against him, at that term, on the 24th day of the month, and the court assessed damages at the sum of $1,639.39, and rendered judgment against the appellant. On the 16th day of July, 1857, and during said term, the court set aside the assessment and judgment, and after hearing the evidence, the court assessed the appellee's damages at the sum of $1,644.20, and rendered judgment on the assessment against appellant. The record shows that the court adjourned on the 13th day of July, 1857, till the 16th, and no court was held on the 14th and 15th days of the month.

In this case the appellant insists that the record does not show that the court was legally and regularly organized. The record shows that the court convened on the 22nd day of June, " in pursuance of the order of the judge of said court, heretofore made and entered of record." From this order it does appear that the term had been ordered by the judge of the court, and as the statute has empowered him to call a special term of court in vacation, and it being a court of general jurisdiction, the presumption would be, from this recital, that the law had been complied with, or the judge would not have proceeded to hold the term.

It was again urged that it was irregular for the court to adjourn over two days, and that all the proceedings had after it again convened were void. The custom has always prevailed of adjourning from day to day, and for such other short periods as the convenience of the court and the dispatch of business might require, and such power, so far as we are able to find, has never been questioned. This power, of course, should be confined in its exercise, to reasonable times, but must, to a great extent, be

left to the sound discretion of the court, acting with a view to the dispatch of business and the administration of justice. The adjournment in this case was not error.

The default admitted every material allegation in the plaintiff's declaration, and left nothing but the assessment of damages open to be determined. When the court came to assess the damages, the only issue it could then try was, the amount of damages in the case, and any other issue was not before the court. The indebtedness was admitted, but the amount had to be ascertained by the inquiry. The defendant, on the execution of a writ of inquiry, has no right to give any evidence which would defeat the action, but only such as tends to reduce the damages. 1 Tidd's Prac. 523. All the evidence in this case relating to the solvency of the makers of the note, their residence, and questions as to the use of diligence, was not properly before the court below, and we of course decline its discussion here. There appears to have been no mistake in the assessment of the amount of damages in this case, and the assessment appears to be regular in other respects. Upon a careful examination of the whole record, no error is perceived, and the judgment of the Circuit Court should be affirmed.

*Judgment affirmed.*