Statement.

## Richmond.

### STULTZ v. PRATT.

#### February 2, 1905.

1. STATUTES—*Construction*—*"Term" of Court.*—Where the word "term" is used in a statute with reference to courts, it should be construed to mean a regular term fixed by law, and not a special term fixed by the court, unless it is otherwise expressly provided, or clearly implied from the act.

2. QUO WARRANTO—*When Writ Awarded*—*When Returnable*—*"Next Term"*—*Special Term.*—While a petition for a writ of *quo warranto* may be filed, and the writ be awarded in the vacation of a circuit court, the writ, when awarded, is returnable to the next term of the court; and the words "next term," as used in section 3024 of the Code, mean the next regular term. The provisions of section 3062 of the Code, declaring what cases and controversies may be heard at a special term, do not embrace a writ of *quo warranto* issued since the last regular term of the court and made returnable to the next term.

Error to a judgment of the Circuit Court of Henry county, in a proceeding by *quo warranto*, wherein the defendant in error was the relator, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*H. G. Mullins* and *Jno. W. Carter*, for the plaintiff in error.

*Gravely & Gravely*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court for Henry county, rendered at a special term thereof, in a proceeding by *quo warranto*, instituted by the attorney for the Commonwealth for that county, at the relation of Thomas G. Pratt, against Brice Stultz to determine which of the two was the legal and rightful Superintendent of the Poor for that county.

The petition for the writ was presented to the judge of that court in vacation, as was authorized by section 3023, Virginia Code (1904), and was made returnable to the first day of the next term of the court—namely, the 15th day of February, 1904, which was a special term.

On that day the defendant, Stultz, appeared and moved the court to quash the writ on the ground that the same was not legally returnable to, or cognizable by, the court at that term. But the court overruled his motion, to which action of the court he excepted. Thereupon, by consent of parties, the cause was submitted to the court for decision in vacation, and on the 29th of March following a vacation judgment was entered in favor of the relator. To that judgment this writ of error was awarded.

The action of the court overruling the motion to quash the writ is assigned as error. As the question raised by that assignment of error goes to the jurisdiction of the court to render the judgment complained of, it will be first considered.

By section 3060 of the Code it is provided how and when special terms of circuit courts may be appointed. Section 3062 declares what class of cases and controversies may be tried at such special terms: (1) Any civil case which could lawfully have been but was not tried at the last preceding term that was or should have been held; (2) any motion for a judgment, or other motion cognizable by such court, whether it

was pending at the preceding term or not; (3) any criminal case which could be tried if it were a regular term; (4) and any cause or matter of controversy at law or in chancery then ready for hearing, or which may be made ready by consent of parties, may, with the consent of parties to such cause or controversy, be heard and determined, although it could not have been lawfully heard at the preceding term that was or should have been held.

It is clear, we think, that the proceeding in this case is not within either of the classes of cases or controversies which it is provided may be heard at a special term, and that the writ could not be made returnable to that term, unless, as is contended, section 3024 authorizes it. That section provides that where the reasons stated in the petition for a writ of *quo warranto* are sufficient in law, in the opinion of the court or judge to whom it is presented, the writ shall be awarded by the court or judge, as the case may be, returnable to the *next term* of the court. As the "next term" of the court was the special term, it is insisted that was the term to which the writ was properly returnable.

The word "term" in some instances may include both regular and special terms. But as a general rule, when a statute speaks of terms of court, the regular terms fixed by law are meant, and not the special terms appointed by the courts or judges. See *Com.* v. *Sessions of Norfolk*, 5 Mass. 435; *South* v. *Cutter*, 10 Wend. 590, 25 Am. Dec. 580; *Tompkins* v. *Clackamas*, 11 Ore. 364, 366, 4 Pac. 1210; 21 Am. & Eng. Enc. Pl. & Pr. 600.

There is no more reason for holding that the words "next term" in section 3024 includes special term than there would be in holding that it should receive the same meaning when used in other sections of the Code, where it is never construed to include special terms.

By section 3287 it is provided that every office judgment in

a case where there is no order for an inquiry of damages, and every non-suit, or dismission entered in the clerk's office, shall, if not previously set aside, become ·final, if the case be in a Circuit Court, on the last day of the next term, or the 15th day thereof, whichever shall happen first.

In section 3446 it is provided that where an injunction is dissolved, the bill shall stand dismissed of course with costs, unless sufficient cause be shown against such dismission at the next term of the court after the dissolution.

To hold that the word "term" in sections 3287 and 3446 includes special terms would result in great injustice and wrong. Litigants know when regular terms of court come. They are fixed by law. They prepare their cases and put in their defenses accordingly. They may not and generally do not actually know anything of the time when special terms may be appointed, yet if the construction insisted upon were correct, office judgments and dismissals in the office would become final, and bills would stand dismissed if a special term intervened before the next regular term.

The true rule of construction is, we think, that where the word "term" is used in a statute with reference to courts, it should be construed to mean a regular term fixed by law, and not a special term fixed by the court, unless it is otherwise expressly provided, or clearly implied from the act.

We are of opinion, therefore, that the writ in this case was made returnable to the special term without authority of law, and that the motion to quash should have been sustained, and the proceeding dismissed. For this error the judgment complained of must be reversed, and this court will enter such order as the Circuit Court ought to have entered.

*Reversed.*