# CHARLESTON

LEWIS COUNTY PUBLISHING CO. v. COUNTY COURT.

Submitted November 18, 1914.    Decided December 15, 1914.

1. MANDAMUS—*Publication of Official Statements—Interest in Subject Matter.*

    Where the statute requires an official statement to be published in two newspapers of opposite politics in a county, and only two political parties are represented by newspapers therein, one of them by a single newspaper, the publisher of that newspaper may by mandamus compel the proper authorities to publish the statement in it, should they fail or refuse to do so within the time fixed by law. (p. 306).

2. NEWSPAPERS—*Publication of Official Statement—"Session."*

    Wherein the statute, Code 1913, ch. 39, sec. 35, requires the county court to publish a financial statement of the county "within four weeks after the first session held after the beginning of each fiscal year," the session meant is a regular one, not a special session. (p. 308).

    (LYNCH, JUDGE, absent.)

Error to Circuit Court, Lewis County.

Application by the Lewis County Publishing Company for writ of mandamus against the County Court of Lewis County. Judgment denying the writ, and the Publishing Company brings error.

*Affirmed.*

*Andrew Edmiston* and *Herbert M. Blair,* for plaintiff in error.

*Carter & Sheets* and *B. B. Jarvis,* for defendant in error.

ROBINSON, JUDGE:

The Lewis County Publishing Company sought the writ of mandamus to compel the County Court of Lewis County to

publish the financial statement of the county in the Weston Democrat, a weekly newspaper published by the petitioner. The peremptory writ having been denied by the judgment of the circuit court, the publishing company has prosecuted error.

The proceeding is based on the statute, the material part of which is as follows: ''The county court of every county, within four weeks after the first session held after the beginning of each fiscal year, shall cause to be published in at least two newspapers of opposite politics, if there be such, for one week, if any be published therein, or if none be published therein, or if no such paper will publish the same for the price fixed by law therefor, the same shall be posted at each place of voting in the county, an itemized account of the receipts and expenditures of the county during the previous fiscal year by separate items, giving name of person to whom order is issued, together with amount of such order, arranging same under distinct heads, and also a specific statement of the debts of the county, showing the purpose for which each debt was contracted, the time when it became due and up to what time the interest thereon has been paid.'' Code 1913, ch. 39, sec. 35.

The newspaper published by petitioner is the only paper of Democratic politics published in Lewis County. Two other papers are published in the county, both affiliated with the Republican party. Petitioner is therefore unquestionably entitled, when the county court proceeds to carry out the provisions of the statute, to publish the financial statement of the county at the rate fixed by law. Though the statute stands primarily in the interest of citizens and taxpayers, still it gives a publisher, under circumstances such as we have here, a right, or in other words, a special interest, incidentally in connection with the statute's primary object. That right in reason and justice he may claim and enforce in a proper case. The statute under the circumstances of this case designates the Weston Democrat as an official newspaper for the publication of the financial statement. No discretion is left to the county court as to selection. An official newspaper may compel the proper authorities to pub-

lish in it that which the law requires to be published therein. *Register Newspaper Co.* v. *Yeiser,* 117 Ky. 1013; *Braddy* v. *Whiteley,* 113 Ga. 746; *Coffee* v. *Ragsdale,* 112 Ga. 705.

Though petitioner may at the proper time and under proper circumstances compel the county court to publish the financial statement of the county in the Weston Democrat, does petitioner show by its pleadings that it is so entitled in this case? A motion to quash the writ, which was overruled, reserves this question for our decision. It seems that the court below, notwithstanding the submission of some issues of fact to a jury, in the end virtually turned its judgment on the question we have just stated. By the petition seeking mandamus herein and the alternative writ following the same, petitioner makes a particular case. On that case it must stand or fall. The scope of an action can be no wider than the pleadings make it.

Petitioner bases its prayer for mandamus solely on the ground that the county court failed to publish the financial statement within four weeks after the first session held in the fiscal year beginning July 1, 1912. The theory of petitioner's case as pleaded is that the county court having held a special session on the 11th day of July, 1912, and at that session and thereafter for four weeks having failed and refused to publish the statement in two newspapers of opposite politics in the county, it may have mandamus. Petitioner presents no other case. Proceeding herein on August 12, 1912, as it did, it plainly had no right under such theory unless the word ''session'' as used by the statute embraces within its meaning a special session; for, the first regular session was not due to be held until the first Monday in September thereafter. If the statute means that the county court may act at the first regular session after the beginning of the fiscal year, then petitioner proceeded to compel the county court to act before that body was required by the law to act. True, the petition sets forth that the county court or some one for it had caused the financial statement to appear in an issue of a newspaper published in an adjoining county on August 7th, 1912, but there is no allegation that the county court had ordered a publication to the exclusion of petitioner's right to publish.

No refusal of the right of petitioner to publish the statement is shown unless it be the fact that the county court did not, within four weeks after the special session on July 11th, 1912, publish the statement in petitioner's newspaper. Thus we see that the case made by petitioner presents squarely the question whether under the statute the county court was derelict in not publishing the statement in the Weston Democrat within four weeks after the special session held on July 11th, 1912. Such alleged dereliction is the sole basis of petitioner's proceeding.

We can not believe that the Legislature intended that a county court should be considered derelict in case it held a special session between the beginning of the fiscal year and its first regular session thereafter, and at such special session, or for four weeks thereafter, took no action as to publishing the financial statement of the county. From the language and spirit of the act we do not think that the Legislature meant that the matter should have such importance as to demand the calling of a special term, or to demand action at a special term if one is held prior to the regular term; otherwise the act would have expressly said so. The law-makers have simply said that the matter shall be attended to at the first session held after the beginning of the fiscal year. If no special session is held, all will concede that this means regular session. It certainly means regular session in counties where no special session happens to be held after the beginning of the fiscal year and before the first regular term is due. The Legislature knew this. We may reasonably assume that it had uniformity in mind and intended the first regular session to suffice for the purpose in all cases. If the regular session suffices in some counties, why not in all?

In this statute the word "session" means of course what we frequently call a "term". The words are synonymous. Ordinarily where a statute speaks of a term or session of court, such as the "next term" or the "first session" it means regular term or session. *Stultz* v. *Pratt*, 103 Va. 536; 21 Enc. Pl. & Pr. 600.

Petitioner proceeded prematurely. At the time it sought mandamus herein, the first regular session of the county court

after the beginning of the fiscal year was in the future. That tribunal yet had time by the law to act on petitioner's right. Under the pleadings herein the county court can not be adjudged to have denied the right claimed by petitioner.

There are matters improperly in evidence from which it would appear that the county court did, on August 1st, 1912, actually take up the matter of publishing the financial statement before the regular term of court and refuse petitioner its right because it would not agree to publish the statement for an amount less than the legal rate. But as we have seen, these matters are not pleaded. What right petitioner may have asserted on the action of the court in taking up the matter in advance of the regular time and refusing to publish the statement in the Weston Democrat, is not open for decision within the purview of the petition and the alternative writ herein.

The judgment, though indirectly reached, is nevertheless right. It will be affirmed.

*Affirmed.*