# CHARLESTON.

STATE *ex rel* R. W. CASTO, ETC. *v.* COUNTY COURT OF
ROANE COUNTY.

(No. 5844)

Submitted October 6, 1926.   Decided October 12, 1926.

1. COURTS—*Right of Adjournment to Distant Day is Power Common to All Courts, Which is Not Abridged by Statute.*

   The right of adjournment to a distant day is a power common to all courts. This right is not abridged by statute. *Mann* v. *County Court*, 58 W. Va. 651.   (p. 329.)

   (Courts, 15 C. J. § 233 [Anno].)

2. SAME—*Term of Court About to End Without Dispatching All Business, May be Adjourned to Distant Day, if Situation Requires.*

   When a term of court is about to end without dispatching all its business, and the exigencies of the situation require it, the term may be adjourned to a distant day.   (p. 330.)

   (Courts, 15 C. J. § 236 [Anno].)

3. APPEAL AND ERROR—COURTS—*Adjournment of Term of Court to Distant Day is Ordinarily Left to Sound Discretion of Court; But is Subject to Review.*

   The adjournment of a term to a distant day is ordinarily left to the sound discretion of the court. But it is subject to review.   (p. 330.)

   (Appeal and Error, 4 C. J. § 2753; Courts, 15 C. J. § 236 [Anno].)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Original proceeding by the State, on the relation of R. W. Casto and others, for mandamus to be directed to the County Court of Roane County to require publication of the financial statement of the county, under Code, c. 39, § 35.

*Writ awarded.*

*Harper & Baker* and *Grover F. Hedges* for relators.
*Thos. P. Ryan* and *Wm. S. Ryan* for respondent.

HATCHER, JUDGE:

On Sept. 30, 1926, a petition was presented to this court, upon which an alternative writ of mandamus was issued against the county court of Roane county. This writ required the court to have the financial statement of the county published forthwith, or to show cause for not doing so.

The rights of relators are based on Sec. 35, Ch. 39, Code, which requires the publication of the financial statement of the county in two papers of opposite politics, etc., "within four weeks after the first session held after the beginning of each fiscal year." The petition alleged that the relators were the sole owners and publishers of the Roane County Reporter, a weekly newspaper published in Spencer; that this was the only Democratic newspaper published in Roane county, and for many years had been the official organ of the Democratic party in that county; that the first regular session of the county court held after the beginning of the fiscal year 1926, began on Aug. 16, 1926; that more than four weeks had elapsed since the completion of the business of that term, but that the court had failed and refused to publish the financial statement within that time as required by law; that Josiah Stutler, who was president of the county court, had sponsored a movement to establish another newspaper in the county, to be called the Roane County Democrat; that he had advanced money to the editor of the proposed newspaper; that the publishing of the financial statement had been held up by the court through the manoeuvering and artifices of Stutler, for the purpose of awarding the publication to the proposed newspaper, whenever it should be published; and that the court had in fact promised this publication to its editor.

An answer was filed by the county court on Oct. 5, 1926, which denies that Stutler has advanced any money to or in any way sponsored the said proposed newspaper, or that the court has promised to award the publication of the financial statement to its editor. The answer admits that the Reporter was the only Democratic newspaper in the county at the time the writ was issued, but claims that the court was under no

obligation to award to the Reporter the publication of the financial statement on Sept. 30, for the reason that the court did not adjourn until Sept. 16, and the twenty-eight days allowed by statute had not elapsed since adjournment. The answer also admits that the court had information that an early issue of the Roane County Democrat was expected, and alleges that within the twenty-eight days from the adjournment of its said session of Sept. 16, it will cause the financial statement to be published in such Democratic paper in the county, as in its discretion seems proper.

A certificate of the orders of the county court, entered in its regular order book, 'shows that commencing Aug. 16, it adjourned from day to day until Sept. 2, when the following order of adjournment was entered:

> "It appearing to this court that there is considerable business needing the attention of this court soon, and it appearing that this court should be adjourned to meet again for the best interests of the public; therefore, it is ordered that this term of this court be adjourned to meet again on the 16th day of September 1926".

In *Bank* v. *Withers*, 6 Wheaton 106 (108), Chief Justice Marshall characterized the right of a court to adjourn to a distant day as "a power common to all courts." In *Mann* v. *County Court*, 58 W. Va. 651, the Supreme Court of this State recognized that right and held that it was not abridged by statute. Adjournments to a distant day, however, are held in disfavor and have been declared to be "in general, highly impolitic and ought not, except for very weighty and special reasons, to take place." *Harris* v. *Gest*, 4 Ohio 469 (473).

An adjourned term is not a new term but a continuation of the former term. *Commonwealth* v. *Justices*, 5 Mass. 435 (436). The former term is continued in order *to complete the business of that term. Revel* v. *State*, 26 Ga. 275 (277). "To constitute an adjourned term there must be either a regular or a special term in session, and the business of that term delayed, postponed or put off until some more conven-

ient time." 6 Stan. Ency. Pro. 39; 1 Ency. Pl. & Pr. 239; *In re Hunter*, 84 Iowa 388; *Cook* v. *Skelton*, 20 Ill. 107. In referring to Sec. 2, Ch. 114, Code, Judge BRANNON said: "The plain object of the act is to continue the court until the business is done." *Bank* v. *Parsons*, 45 W. Va. 688, (692-3). Future business? No, the undispatched business of the original term. We find no authority to the contrary.

The answer of the county court says that the business of the August term did not end until Sept. 16th, but it fails to state what business had not been dispatched on Sept. 2nd. The order which the court entered on Sept. 2nd makes no reference to unfinished business, but gives as the reason for adjourning to Sept. 16th, that there was considerable business which would "soon" need the attention of the court. The logical inference from the order is that the business for which a session was to be held on Sept. 16th was not unfinished business of the term of Aug. 16th, but business not ready for dispatch until Sept. 16th. There is nothing in the record to show what that business was, or what was its magnitude or importance. If the public necessity require it, a special session may be called to attend to business soon to be ready for the attention of the court. But future business requiring attention is ordinarily not such weighty or special reason as warrants the adjournment of a court to a distant day. If so, terms of court would never end—there would always be business that would *soon* need attention. It is the policy of our judicial system for courts to terminate their sessions as soon as the business properly before the court is disposed of, so that there may be finality to its orders. An adjournment is ordinarily left to the discretion of a court. But it is subject to review. *Cook* v. *Skelton*, 20 Ill. 107; *Taylor* v. *Commonwealth*, 77 Va. 692. The presumption that the discretion exercised in this case was *sound* is overthrown by the order of the court. The burden is now on the court to vindicate its *impolitic* act. It has failed to sustain that burden. Consequently, we must conclude that the court was not justified in adjourning the August session beyond Sept. 2nd, and that said session terminated on that day. Therefore, on Sept. 30th,

twenty-eight days had elapsed after the term ended, without the publication of the financial statement. The statute is mandatory. *Lewis* v. *County Court*, 75 W. Va. 305. The answer shows no satisfactory reasons for not complying with the statute. The peremptory writ will therefore issue.

*Writ awarded.*