D. EARL BRAWLEY *v*. THE COUNTY COURT OF KANAWHA COUNTY, *a corporation, et al.*

(No. 8473)

Submitted September 2, 1936. Decided September 8, 1936.

698

KENNA, JUDGE, absent.

E. S. Bock and L. E. Given, for relator.

Dale G. Casto, D. W. Taylor and Charles Ritchie, for respondents.

HATCHER, PRESIDENT:

D. E. Brawley and J. M. Slack each sought the nomination for sheriff of Kanawha County on the Democratic ticket in the recent primary election. On the face of the election returns and also on a recount of the ballots, Slack received the nomination. Brawley delivered a notice to Slack on July 22d, 1936, stating Brawley's intention to contest Slack's nomination, and that the notice would be presented to the county court on August 1st, 1936. The notice further provided: "* * * and if said notice of contest cannot for any reason be legally received on said first day of August, 1936, and docketed for trial, then I shall present the same to the county court at its first regular term after the first day of August, 1936, and have the same docketed for trial." On August 1st, Brawley moved the court to docket the notice. The motion was considered until August 4th, when it was refused. In a written opinion made a part of the order of refusal, the court stated that the notice could not properly be docketed until the October term of the court. The reasons given for the refusal are that in compliance with law (Constitution, Article 8, Section 22; Code, 7-1-2) the court had entered an order on January 2d,

1936, providing four regular terms for the year, to begin January 2d, April 1st, July 1st, and October 1st, respectively; that while the court was in session on August 1st, it was an adjourned session of the July term; that Code, 3-9-3, specifies: "The notice of contest shall be presented to the county court at its first term after the same is delivered to the person whose election (nomination) is contested and the same shall be docketed for trial;" that the statutory phrase, "the first term after," has been held in *Stafford* v. *County Court*, 58 W. Va. 88, 51 S. E. 2, to imply *the first regular term after;* and that since the session on August 1st was not a regular term, the notice could not be lawfully docketed then. Brawley seeks mandamus here.

The refusal of the court to docket the notice on August first, is approved (see *Commonwealth* v. *Sessions of Norfolk,* 5 Mass. 435, 436-7); but the ruling of the court (made a part of its order) that the notice could not be docketed until October 1st, is disapproved for the following reasons: Code, 11-8-2, provides that "the county court * * * shall hold a session on the first Tuesday in August in each year for the transaction of business generally." This section is a legislative construction that a county court is not limited to four regular terms. *State* v. *Thompson,* 100 W. Va. 253, 262, 130 S. E. 456. Session and term are interchangeable words. When used in statutes with reference to courts, they ordinarily mean a *regular term or session fixed by law. Lewis County Pub. Co.* v. *County Court,* 75 W. Va. 305, 308, 83 S. E. 993; *Stultz* v. *Pratt,* 103 Va. 536, 49 S. E. 654; *State* v. *Maddock,* 58 Ore. 542, 115 P. 426. Hence, the session required by the statute to be held on the first Tuesday in August in each year "for the transaction of business generally" implies a regular session. Being a session (term) fixed by the statute, it is not displaced by an arrangement of terms fixed by the county court. Hence, the notice herein could have been properly docketed on August 4th, which was the first Tuesday in August, and the first day of the statutory August term. While the

notice provided that if rejected on August 1st, it would be presented and docketed at the first regular term thereafter, the point is made, that in fact no motion was made on August 4th to docket the notice on that day; and that without such motion, relator does not show the clear legal right requisite to a writ of mandamus. The court retained and had the notice before it on August 4th. When the court then ruled (in addition to refusing to docket as of August 1st), that the notice could not be docketed until October 1st, the court, in effect, anticipated and refused in advance a motion to docket on August 4th. That action dispensed with the duty to make the motion. *Lex neminem cogit ad vana seu inutilia.* (The law requires no one to do a thing vain and fruitless.) This maxim of the common law has been held to be "salutary", "common sense" and "as appropriate to our day as in the days of Hobart." See the many cases cited in 36 C. J., p. 1048, N. 72.

The writ will issue.

*Writ awarded.*