Argued December 4, 1961, peremptory writ ordered February 7,
petition for rehearing denied February 27, 1962

# STATE ex rel SOUTHERN PACIFIC COMPANY
## v. DUNCAN
368 P. 2d 733

*Richard Borst,* of Portland, argued the cause for relators. With him on the brief were Koerner, Young, McColloch & Dezendorf, John Gordon Gearin and Kaye C. Robinette, of Portland.

*Edwin E. Allen,* Eugene, argued the cause for respondent. On the brief were Bartle & Allen of Eugene, and Douglas L. Hay, of Salem.

PERRY, J.

Esther M. Croisan brought an action in the circuit court for Marion county against the Southern Pacific Company. After summons had been served upon the defendant the plaintiff filed a "motion for depositions" requesting the circuit court of the State of Oregon for an order requiring the Southern Pacific Company to present before said court the conductor and engineer of the train upon which plaintiff was a passenger "at

the time plaintiff alleged she was injured" for the purpose of taking their depositions.

The trial court entered the order and, on the company's failure to comply therewith, found it guilty of contempt and assessed a fine. The Southern Pacific Company thereupon instituted this proceeding in mandamus and this court, accepting jurisdiction, caused the alternative writ to issue.

The defendant, as a preliminary matter, contends that no demand was made upon the court to rescind its order requiring the relator to produce the conductor and engineer for examination.

■ It is unquestionably the general rule that before mandamus will lie a relator must have demanded performance of the act or duty which he asserts it is the court's clear duty to perform. *State v. Beals,* 73 Or 442, 144 P 678. This, however, is not an inflexible rule. When it appears that the demand would be unavailing, demand is unnecessary. *Christ v. Superior Court,* 211 Cal 593, 296 P 612; *People ex rel. Adams v. McKibben,* 377 Ill 22, 35 NE2d 321; *State ex rel. Malott et al. v. Cascade County et al.,* 94 Mont 394, 22 P2d 811; *Brawley v. Kanawha County Court,* 117 W Va 697, 188 SE 139.

■ The evidence produced in this court discloses that not only did the trial court enter the order for production of the employees of defendant for the purpose of examination but on hearing found the relator in contempt for failure to comply with its order. Under these circumstances we are of the opinion that a demand on the trial court to vacate its previous order would have been futile.

The authority relied upon by the defendant for his action in requiring the relator to produce its conductor

and engineer, if authorized, must be found in the following statutes. ORS 45.151, insofar as material, reads:

"In addition to the cases otherwise provided by law, the testimony of any person, witness or party, in or out of this state, may be taken by deposition in an action at law or suit in equity at any time after the service of the summons or the appearance of the defendant, * * *."

ORS 45.190, insofar as material, is as follows:

"If a party, or an officer or managing agent of a party, wilfully fails to appear before the officer who is to take his deposition after being served with a proper notice, the court in which the action, suit or proceeding is pending, on motion and notice, may, within the limitations required by due process, strike all or any part of any pleading of that party or dismiss the action or proceeding or any part thereof. Attendance of any witness at the taking of a deposition may be compelled by subpena issued, served and enforced as provided in ORS chapter 44. * * *"

Prior to the enactment in 1955 of the above provisions, ORS 45.210, which was then repealed, read, insofar as material to the issue here presented, as follows:

"The testimony of a witness in this state may be taken by deposition in an action or suit at any time after the service of the summons or the appearance of the defendant, * * * (1) When a witness is a party, or an agent, officer, servant or employee of a corporation which is a party to the action or proceeding by the adverse party."

A comparison of the present statute with the former quickly discloses a legislative intent to limit the examination of a corporation, as an adverse party, to

an examination through its officers and managing agents. Therefore, in directing a corporation as an adverse party to appear for the taking of depositions, the court is limited to requiring the production of the corporation's officers and managing agents.

The relators contend that the engineer and conductor of a train are not managing agents. The defendants argue contra and this is the material issue presented.

Each party considers paragraph D of Rule 37 of the Federal Rules of Civil Procedure to be in general analogous to ORS 45.190. This federal rule reads as follows:

> "If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

It seems to be well established under paragraph D of Rule 37 of the Federal Rules of Civil Procedure that a corporate defendant cannot be compelled to produce its employees for examination upon notice to take a deposition. *Denoto v. The Pennsylvania Railroad Co.,* 16 FRD 567.

The Federal District Courts are not entirely harmonious in their conclusions as to who is and who is not a managing agent of a corporate body, but it seems that a comparatively reliable guide for such determination is set forth by District Judge Weinfield of the

Southern District of New York in *Krauss v. Erie R. Company* in 16 FRD 126, 127, which reads:

> "A managing agent, as distinguished from one who is merely 'an employee' is a person invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters; he does not act 'in an inferior capacity' under close supervision or direction of 'superior authority.' He must be a person who has 'the interests of the corporation so close to his heart that he could be depended upon to carry out his employer's directions to give testimony at the demand of a party engaged in litigation with the employer.' "

The defendant cites and relies on a number of decisions of the federal courts requiring the master of a ship, as a managing agent, to appear for the purpose of examining a corporate defendant. *Aston v. American Export Lines, Inc.*, 11 FRD 442; *Curry v. States Marine Corporation of Delaware*, 16 FRD 376; *Fay v. United States*, 22 FRD 28.

No one can quarrel with this conclusion of the federal courts for it is common knowledge that a ship is a wanderer to many ports of call and thus more often than not is far from the direct control and supervision of its owner. Under these circumstances the master must be the fully authorized agent of the owner to meet the unforeseen demands of a voyage. *United States v. The Malek Adhel*, 43 US (2 How.) 210, 11 L ed 239; *Piedmont & George's Creek Coal Co. v. Seaboard Fisheries Co.*, 254 US 1, 65 L ed 97.

In case of threatened disaster judgment lies with the master to determine when and what part of the ship and cargo shall be sacrificed. *Ralli v. Troop*, 157 US 386, 15 S Ct 657, 39 L ed 742. It is also common knowledge that the master of a ship is charged with

the full enforcement of discipline of members of the crew.

But the conditions which create the necessity for the master of a ship to be an authorized agent of the owner are not present in the operation of a single train and no analogy can be drawn between the maritime cases and the matter before us.

■ It is common knowledge that the conductor and engineer of a train have no general supervisory powers. They are authorized to carry out their duties only according to the rules and regulations of the company, under the supervision of division superintendents. They have no general authority to bind the company in any manner, and in their working relations with a railroad company they may take positions contrary to those believed by the corporation to be to the company's best interests.

■ It is therefore our opinion that the conductor and engineer of a train are not managing agents within the contemplation of the statute authorizing the taking of the deposition of an adverse party.

■ Because the defendant exceeded the authority granted the court in directing the plaintiff to produce the conductor and engineer for the purpose of taking their depositions, the peremptory writ of mandamus should issue directing the defendant to set aside the order requiring the corporation to produce the conductor and engineer, and it is so ordered.

No costs are allowed to either party.

SLOAN, J., dissenting.

This case enables an evasive, arrogant party to make a cops and robbers game of the taking of the depositions of essential witnesses. Instead, it should

be an orderly process controlled by the court as contemplated by ORS 45.181.

There is nothing in the case to justify this court using the extraordinary writ to interfere with the trial court's conduct of the business it has at hand. The writ should not issue.