**SEABOARD COASTLINE RAILROAD COMPANY et al., etc., Petitioners,**

**v.**

**Michael HUGHES, Respondent.**

Supreme Court of Tennessee.

March 10, 1975.

Ferdinand Powell, Jr., Harry W. Lawrence, Epps, Powell, Epps & Lawrence, Johnson City, for petitioners.

Thomas D. Dossett, Todd & Dossett, Kingsport, for respondent.

## OPINION

HENRY, Justice.

The sole question before this Court is whether a railroad conductor is a "managing agent" within the purview of Rule 26.-04(2) Tennessee Rules of Civil Procedure. Certiorari was granted in order that this Court might formulate guidelines for making this determination and apply them to this case. Our broad objective, however, was to render a definitive opinion, for the guidance of the bench and bar, in a procedural area wherein this Court has not spoken.

### I.

We narrate the factual situation only to the extent necessary to form a predicate for the opinion.

This civil action is based upon personal injuries sustained by Plaintiff-Respondent during the course of his employment with Petitioners as a member of the crew on a railroad locomotive. The injuries occurred in a switching operation in the railroad yards in Kingsport. Two engines and two crews were involved. A yardmaster was in general charge, and each engine was being operated under the control and supervision of its own conductor.

Plaintiff-Respondent took the discovery deposition of the two conductors pursuant to Rule 26, Tenn.R.Civ.P. Upon the hearing over the vigorous objection of counsel for the Petitioner-Defendant, he was permitted to read these depositions to the jury, upon the theory that they were "managing agents" within the meaning of Rule 26.04(2).

The Court of Appeals affirmed in toto, specifically holding that under Railroad v. Baldwin, 113 Tenn. 409, 82 S.W. 487 (1904) and (on petition to rehear) Phelps v. Magnavox, 497 S.W.2d 898 (Tenn.App. 1972), the conductors were managing agents.

Upon preliminary inquiry we disagreed and granted certiorari.

We continue to disagree.

### II.

In Railroad v. Baldwin, this Court, seventy years ago, long before a pre-trial discovery procedure was even dreamed of in Tennessee and when the profession was committed to the long prevailing practice of "trial by ambush", held, under the factual question presented in that negligence action, that a railroad conductor was a vice-principal and not a fellow servant. The Court, after describing the power and authority of the conductor, held that he "engaged in this perhaps the most hazardous of all industrial pursuits." We cannot convert this hyperbolic characterization of the conductor into criteria crediting him with being a managing agent. Simply stated he continues to be a conductor, notwithstanding his finest hour and greatest glory in the era of Railroad v. Baldwin, *supra.*

Phelps v. Magnavox, *supra,* was decided by the Court of Appeals for the Western Section in 1972. This Court was not petitioned for writ of certiorari. The Court of Appeals correctly determined that it should be published. The Supreme Court has never made a pertinent pronouncement on the matter.

The Court of Appeals in *Phelps* said:

"We choose to define a managing agent as one who acts in a managerial capacity."

With utmost deference to the Court of Appeals, this definition is marked more by its brevity than its edification.

### III.

Since we have no Tennessee case law to which we may turn, we must analyze the decisions of the federal courts, construing the Federal Rules of Civil Procedure.

Rule 26.04(2) Tenn.R.Civ.P. provides:

The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or *managing agent* of a public or private corporation, partnership, association or individual proprietorship which is a party may be *used by an adverse party for any purpose.* (Emphasis supplied)

Rule 32(a)(2) of the F.R.Civ.P. differs only stylistically, except that it makes no provision for an individual proprietorship.

There is a correlation between these rules and Rule 43 of the State and Federal Rules.

Rule 43.02 Tenn.R.Civ.P., provides in pertinent part:

A party may call an adverse party or an officer, director, or *managing agent* of a public or private corporation or of a partnership, association or individual proprietorship which is an adverse party, and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party, and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also and may be cross-examined by the adverse party but only upon the subject matter of his examination in chief. (Emphasis supplied)

Rule 43 F.R.C.P. is identical except that individual proprietorships are not included.

■ We think that the rules governing the use of the deposition of a managing agent are precisely the same as those governing the right to call him for interroga-tion, impeachment and cross examination. This opinion touches upon, and is authority for, these two problem areas only. Specifically, it does not deal with questions relating to the right to take the deposition, nor does it deal with questions arising under motions to vacate notices of taking discovery depositions. These matters are not properly before the Court and are in an entirely different category, governed by rules based upon other considerations.

We delineate the two problem areas and equate them because most of the federal authority is contained in cases arising under Rule 43 F.R.C.P. The Federal Courts have struggled with definitive standards as to the meaning of the term "managing agent." Many decisions tend to treat the problem in general terms and the resulting definitions or standards or guidelines are generalities tending to obscure the meaning, confuse the problem and make application to a given set of facts difficult.

In Wright & Miller's Federal Practice and Procedure, Sec. 2103, page 376, the problem is stated thusly:

The meaning of the term "officer" has caused no difficulty, but "managing agent" has required definition. Though the question of whether a particular person is a "managing agent" is to be answered pragmatically on an ad hoc basis, the courts look to see if the individual involved is invested by the corporation with general powers to exercise his discretion and judgment in dealing with corporate matters, whether he can be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer, and whether he can be expected to identify himself with the interests of the corporation rather than with those of the other parties. Typically a court will look to all three of these factors, although it has been said that the third factor, identification with the interest of the employer, is the "paramount test." (Footnotes omitted)

In Krauss v. Erie R. Co., 16 F.R.D. 126, 127 (S.D.N.Y.1954), in dealing with a motion to vacate a notice to examine the defendant, through an alleged managing agent, the Court defined the term as follows:

A managing agent, as distinguished from one who is merely "an employee" is a person invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters; he does not act "in an inferior capacity" under close supervision or direction of "superior authority." He must be a person who has "the interests of the corporation so close to his heart that he could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer."

In Newark Insurance Company v. Sartain, 20 F.R.D. 583 (N.D.Cal.1957) the Court had under consideration the right to call a "managing agent" pursuant to Rule 43(b) Federal Rules of Civil Procedure. The Court after reviewing the "leading cases" reached the conclusion that a managing agent is any person who:

1. Acts with superior authority and is invested with general powers to exercise his judgment and discretion in dealing with his principal's affairs (as distinguished from a common employee, who does only what he is told to do; has no discretion about what he can or cannot do; and is responsible to an immediate superior who has control over his acts);

2. Can be depended upon to carry out his principal's directions to give testimony at the demand of a party engaged in litigation with his principal; and

3. Can be expected to identify himself with the interests of his principal rather than those of the other party.

We adopt this definition.

It was adopted by the United States Court of Appeals for the Sixth Circuit in 1966 in the case of Brandon v. Art Centre Hospital (osteopathic) 306 F.2d 369. We thus harmonize our State rule with the Federal rule—not for the sake of harmony, although this is desirable, but because we think the Federal rule is correct.

Under this rule—or without this rule—we do not believe that a railroad conductor is a "managing agent" within the meaning of the Rules under consideration.

We are not unmindful of the line of cases holding that the captain of a ship or the officer in charge of a vessel is a managing agent. A ship is a wanderer sailing from port to port and, once underway, its captain is sole commander. He occupies a different status from the crew chief of a land-based vehicle. June T., Inc. v. King, 290 F.2d 404 (5 Cir. 1961).

The recitation of the facts in Hosie v. Chicago and Northwestern Railway Company, 282 F.2d 639 (7 Cir. 1960) is somewhat abbreviated; however, the following portion of the holding is significant:

Plaintiff claims prejudicial error because the Court refused to permit plaintiff to introduce the pretrial deposition of Chester Pauly, or permit plaintiff to call him as an adverse witness. Pauly was a fireman who, at times acted as engineer, and who, on the day plaintiff was injured, was acting as engineer on the diesel engine which was pulling the train which struck plaintiff.

. . . Defendant's employee Pauly was not an officer, director or managing agent of the defendant. The rule does not provide that any employee of an adverse party may be called adversely. (citation omitted)

State ex rel. So. Pacific Co. v. Duncan, 230 Or. 179, 368 P.2d 733 (1962) appears in 98 ALR 2d at page 617. In holding that a conductor and engineer of a train are not managing agents within the contemplation of an Oregon statute authorizing the taking

of the deposition of an adverse party, the Court said:

> It is common knowledge that the conductor and engineer of a train have no general supervisory powers. They are authorized to carry out their duties only according to the rules and regulations of the company, under the supervision of division superintendents. They have no general authority to bind the company in any manner, and in their working relations with a railroad company they may take positions contrary to those believed by the corporation to be to the company's best interest.

#### IV.

 After considering these and other authorities cited, we are led to the conclusion that the ends of justice demand the conclusion that the conductor of a railroad is a mere employee—albeit an important one—but below the managerial level. He is not a managing agent within the meaning of Rules 26.04(2) or 43.02, Tenn.R.Civ.P.

In determining who is such a managing agent, the courts will look to the definition as above set forth. They will also look to other factors, including but not restricted to:

a. the possibility of hostile or adverse interest.

b. the loyalty of the individual concerned.

c. the extent of his authority.

d. the extent to which his actions are discretionary.

e. the precise nature of his duties.

f. the availability of any other person of higher title or rank to testify.

None of these factors is controlling; but each should be considered.

#### V.

We hold in this case that neither conductor was a managing agent and that

the trial judge erred in permitting counsel for the plaintiff to read and rely upon his discovery deposition.

However, since one of the conductors testified and since his testimony, along with the testimony of other witnesses covered the essential areas of the non-testifying conductor, we are unable to say that this error affirmatively affected the outcome of the trial.

The judgment of the Court of Appeals is affirmed.

FONES, C. J., and BROCK and HARBISON, JJ., concurring.

COOPER, J., not participating.