TORRIS, PLAINTIFF IN ERROR, v. THE PEOPLE, DEFENDANT IN ERROR.

1. EVIDENCE IN CRIMINAL CASES.

Oral declarations of a party accused of a crime in respect to matters relevant to the issue, when voluntarily made, are always competent evidence against him. They are allowed to be proved, and their falsity to be shown by other evidence. Such admissions contained in an affidavit by the accused fall within the rule.

2. PRACTICE IN CRIMINAL CASES.

The conduct of the district attorney in his argument to the jury, even if improper, cannot be made available to reverse a judgment, unless such conduct was objected to at the time.

3. PRACTICE—IMPEACHING EVIDENCE.

It is not error to refuse to admit evidence, the only tendency of which would be to impeach a witness upon an immaterial matter.

*Error to the District Court of Pueblo County.*

Mr. D. M. CAMPBELL and Mr. GEO. SALISBURY, for plaintiff in error.

Mr. EUGENE ENGLEY, attorney general, and Mr. H. T. SALE, for the people.

MR. JUSTICE GODDARD delivered the opinion of the court.

The defendant below, plaintiff in error here, was convicted of the crime of murder of the first degree and sentenced to death. The evidence was entirely circumstantial, but no question as to its sufficiency is presented upon this review.

The principal error relied on for reversal is the admission in evidence of an affidavit made by plaintiff in error to procure compulsory process for witnesses. The affidavit contained a statement that the plaintiff in error expected to prove by certain witnesses (naming them) where he was at the time the alleged homicide was committed, for the purpose of proving an *alibi*. On the trial of the cause the prosecution introduced this affidavit in evidence, over the objection of plaintiff in error; and for the purpose of showing the falsity of the statements therein contained as to the whereabouts of plaintiff in error on the day of the homicide, introduced some of the witnesses named in the affidavit. It is insisted that the admission of this affidavit and the testimony contradicting the statements contained therein was error.

Upon careful consideration, we are of the opinion that the affidavit was properly admitted in evidence for the purpose for which it was offered. Oral declarations of a party accused of crime in respect to matters relevant to the issue, when voluntarily made, are always competent against him. Such declarations are allowed to be proved, and their falsity shown by other evidence. The accused may explain such declarations, and it is for the jury to determine the weight to be attached to them; and when admissions are made voluntarily and deliberately in a sworn affidavit, there is no reason that we can perceive why they are not equally admissible for the same purpose.

It has been frequently held that affidavits for a continuance, which are very analogous in character to the affidavit under consideration, are admissible in evidence for the purpose of showing statements or declarations of the defendant voluntarily made in regard to the crime with which he is charged; and witnesses by whom it is alleged such statements can be verified may be called to show their falsity. *State v. Bishop*, 98 N. C. 773; *Pledger v. State*, 77 Ga. 242; *State v. Hayes*, 78 Mo. 307; *Behler v. State*, 112 Ind. 140; *Commonwealth v. Starr*, 4 Allen, 301.

It is further contended that the district attorney made an

improper use of the affidavit in argument to the jury in commenting upon such portions of it as were prejudicial to the accused and omitting to call the jury's attention to other portions that were in his favor.

It is true that a party against whom an omission is introduced is entitled to have the whole statement accompanying and explaining the admission go to the jury. *State v. Martin*, 28 Mo. 530.

The record discloses that the affidavit in question was fully read to the jury upon its introduction in evidence, and they had its entire contents before them; and we cannot perceive how error can be predicated upon the manner in which counsel for the people treated the same in argument. And, furthermore, if the conduct of counsel in that matter was improper, it cannot now be made available to reverse the judgment, by reason of the failure on the part of counsel for defendant to object to such conduct at the time.

The error assigned upon the refusal of the court to permit the testimony of the witness Heron taken before the coroner to be introduced to impeach such witness, we think is also untenable, for two reasons: *First*, The matter upon which an impeachment of the witness was sought was immaterial. It related solely to a discrepancy between the testimony of the witness given before the coroner and that given upon the trial as to the date at which a conversation between one Jennings and the witness occurred. He stated upon the trial that on the 28th or 30th of June, Jennings informed him that he had been to the cabin of the deceased and found the door locked and the well filled. The testimony, while hearsay, was admitted without objection. No variance or discrepancy occurred as to the substance of the conversation alleged to have been had, but only as to the date. *Second*, The statement of the witness as made before the coroner was read to him upon cross-examination, and he was fully interrogated in relation thereto; and in this manner his statement before the coroner, that in the conversation Jennings had stated that his visit was on the 23d or 24th of June, was clearly before

the jury. The witness did not deny that he so testified before the coroner, but admitted that if he did so the date was incorrect; that he was not positive as to dates. The evidence, therefore, taken before the coroner was given its full weight, as impeaching testimony before the jury.

It appeared from other testimony in the case that his statement before the coroner as to the time the conversation occurred, or the time Jennings had made his visit to the cabin of deceased, was incorrect, and that the statement as made upon the trial as to the date was correct. While it would have been proper to have admitted the written testimony of the witness Heron as taken before the coroner, yet, it having been fully brought before the jury as above stated, plaintiff in error was not prejudiced by such refusal.

The foregoing objections, being the only ones urged before us, and they presenting no sufficient reversible error, the judgment of the court below must be affirmed.

*Affirmed.*