[No. 7690.]

## POTYRALSKI v. THE PEOPLE.

1.   CRIMINAL LAW—*Conviction Upon Conflicting Evidence*, will not be disturbed, where there is sufficient competent evidence to support it.

2.   EVIDENCE—*Voluntary Statements of the Accused*, made without threat, compulsion, coercion, inducement, or anything akin thereto, are admissible against him, though at the time of such statement he was under arrest, charged with the offense.

*Error to Huerfano District Court.*—Hon. HENRY HUNTER, Judge.

Mr. FOSTER CLINE, for plaintiff in error.

Hon. BENJAMIN GRIFFITH, attorney general, and Mr. GEORGE D. TALBOT, for the people.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The defendant, Albert Potyralski, was tried and found guilty of larceny of livestock, the alleged property of one Peter Flak, and was sentenced accordingly. He brings the case here for review on error.

Counsel for defendant urges that the ownership of the property in Peter Flak was not proven, and says that the evidence shows ownership in his wife, Mary Flak. There was sufficient proof as to ownership to warrant the submission of the question, under proper instructions, to the jury. While there is apparent conflict in the evidence on this question, still there is testimony to support the finding of the jury. The question having been settled by the jury on sufficient competent evidence, the verdict will not be disturbed.

The second proposition relied upon concerns the admission, over the objection of defendant, of the testimony of the witness Wright, detailing certain statements made by the defendant before trial relative to the transaction, which, it is claimed, were incompetent. There is nothing whatever in the record to show that these statements were other than voluntary, or that they were made under circumstances of any extraneous, disturbing causes. The defendant rested his objection to their admission solely upon the ground that the defendant was then under arrest, charged with the commission of an offense. There is not a suggestion of compulsion, coercion, inducement or anything akin thereto. The statements were extrajudicial, and were clearly admissible in the absence of a single fact or circumstance which stamps them as other than purely voluntary. There was no confession of guilt in these admissions. On the contrary, they contain a statement of defensive matter, in which the killing of the particular animal was admitted, but any purpose to steal it was denied, the claim by the defendant being that he killed the animal in the

honest belief that it belonged to his father and bore the latter's stock brand. The record shows that these admissions or statements were not made under oath, and it conclusively appears therefrom that they were made voluntarily, without threats or promise of reward, and for the express purpose of showing defendant innocent of the crime charged. Under such circumstances there is no doubt about the clear right of the state to put them in evidence. In support of this proposition we cite:—1 Greenleaf on Evidence, 15th Ed., sec. 216; *Torris v. People,* 19 Colo. 438; *Mora v. People,* 19 Colo. 255; and *Reagan v. People,* 49 Colo. 316.

There is no force in the contention that the verdict of the jury is contrary to both the law and the evidence. There was ample proof to support it, and it in no way conflicts with the instructions of the court. They were full and fair, correctly stating the law of the case. No complaint is made of, nor is there any assignment of error against, them.

The judgment is affirmed.

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.