## No. 8293.

## THE PEOPLE *v.* HENWOOD.

CRIMINAL LAW—*Discharge under Habeas Corpus Act.—Effect.* The liberation of an accused person under Rev. Stat. Sec. 2926 is not an acquittal. He may be again indicted and tried for the same offense.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

*En banc.*

Mr. JOHN A. RUSH, District Attorney; Hon. FRED FAR-RAR, Attorney General; Mr. FRANK C. WEST, Assistant Attorney General, for the people.

Hon. LESLIE E. HUBBARD, Attorney General; Mr. FRANK M. LAUGHLIN, of counsel; Mr. JOHN T. BOTTOM, for plaintiff in error, on rehearing.

Opinion by Mr. Justice Teller.

THIS cause raised the question whether or not a person, charged with a criminal offense, who has been set at liberty, under section 2926, R. S. 1908, because of delay in bringing him to trial, may be again indicted and tried for the same offense.

That portion of the statute which is material here reads as follows:

"If any person shall be committed for any criminal or supposed criminal matter, and not admitted to bail, and shall not be tried on or before the expiration of the second term of the court having jurisdiction of the offense, the prisoner shall be set at liberty by the court, unless the delay shall have been on the application of the prisoner."

The question is what is meant by the words "set at liberty."

This is a part of our habeas-corpus act, and some help in construing it may be found in the preceding section, a portion of which is:

"No person who has been discharged by order of a court or judge on a habeas corpus shall be again imprisoned, restrained or kept in custody for the same cause, unless he be afterwards indicted for the same offense, nor unless by the legal order or process of the court wherein he is bound by recognizance to appear."

This clearly admits the possibility that a person who has been discharged from custody under a writ of habeas corpus may be again indicted for the same offense; and we see no reason why a discharge, under this provision of the section quoted, should have a greater effect than does a discharge on other grounds.

In some of the states where there are similar statutes, the term "discharge" is used instead of "set at liberty," and that is supposed to be a word of broader meaning. Accordingly, it has been held that, after a discharge under the statute, no further charge for the same offense can be made.

The Illinois statute on this subject uses this phrase, "Set at liberty," and it has been held to mean to free from the charge, so that a second indictment for the same offense does not lie. *People v. Heider*, 225 Ill. 347, 80 N. E. 291, 11 L. R. A. (N. S.) 257.

We are not impressed with the reasoning which leads to that conclusion.

On the other hand, in New Jersey, where the statute provides for a "discharge," a broader term, it is held that the effect is only to set the accused free from the pending charge, and does not prevent a second indictment. *State v. Garthwaite,* 23 N. J. L. 143.

A like ruling is made in *State v. Fley et al.,* 2 Brevard 338 (So. Car.), 4 Am. Dec. 583.

We think these rulings express the purpose of our statute. It is not concerned with the crime, nor with the punishment therefor, except indirectly, perhaps; but is intended to prevent an unreasonable detention of an accused preliminary to his trial. The accomplishment of this purpose does not require final action on the criminal charge.

The law-makers have enacted statutes of limitation as to the less serious offenses, leaving the others unaffected by lapse of time. It is not, therefore, to be supposed that they would, by this statute, make it possible to cut off the prosecution of all offenses, by mere delay in bringing them to trial.

We may easily conceive of cases in which trial is delayed for good reasons, inability at the time to secure the needed evidence, for instance, and to make such delay effect a final discharge of the accused is unreasonable and un-necessary to accomplish the humane purpose of the law.

The public good requires that persons charged with crime be tried, and either acquitted or convicted; but no interest of the state is subserved, nor is any *right* of the accused enforced by interpreting this statute as intending that the "setting at liberty" be a final discharge.

This view appears to be in accord with the views expressed by this court in the case of *In re Garvey,* 7 Colo. 502, 4 Pac. 758, where it is said, in a case not directly involving this point: "Our statute, it will be noted, does not work such discharge of the offense, but operates merely to set the prisoner at liberty."

We are of the opinion that the demurrer to the plea should have been sustained. The judgment is therefore reversed.

Judgment reversed.

Chief Justice Hill, Mr. Justice White and Mr. Justice Scott dissent.

Decided December 2, A. D. 1918.    Rehearing denied April 7, A. D. 1919.