No. 9446.

IN RE MILLER.

1. CRIMINAL LAW—*Speedy Trial.* Under sec. 16 of art. II of the constitution an accused person is entitled to a trial, as soon as, regard being had to the terms of the court, reasonable opportunity is afforded to the prosecution, by reasonable diligence, to prepare for trial.

AN accused person against whom, for more than two and a half years no attempt to proceed to trial is made, he being at all times prepared therefor, no excuses for the delay being shown, is entitled to his discharge from custody.

SUCH discharge being denied him in the District Court, he may at once apply to this court for the writ of Habeas Corpus.

THE order of the District Court not being such a final disposition as could be revised in this court, on error, and the accused not being entitled to relief from another District Court, his sole remedy was to apply to this court.

2. ——*Accused on Bail.* The fact that the accused during almost the whole time of the delay was at large upon bail does not divest him of his right to the speedy trial guaranteed by the constitution.

PETITIONER discharged and the District Court instructed to quash the indictment.

*Original Application for Writ of Habeas Corpus.*

Mr. H. A. LINDSLEY, Mr. E. L. WILLIAMS, Mr. FREDERICK SASS, Mr. H. E. LUTHE, for petitioner.

Hon. LESLIE E. HUBBARD, Attorney General, Mr. J. W. KELLY, of Counsel, for respondents.

Mr. Justice Bailey delivered the opinion of the court.

THIS is an original application for a writ of habeas corpus by James P. Miller, who alleges that he is unlawfully restrained of his liberty. The Attorney General filed a motion to quash the writ because of insufficiency of facts to warrant its issuance.

Miller was indicted by the grand jury of Boulder County on September 27, 1915, and taken into custody, but later admitted to bail. On the 6th day of the following December he was given leave to inspect the minutes of the grand

jury and given ten days thereafter to file a motion to quash the indictment. That motion was duly interposed and overruled on December 30, 1916. In the meantime Miller had, on the opening day of the October term of court, moved that the cause be set down for trial, which was accordingly done for the 16th of the same month, but later such trial order was vacated by the court, as is alleged without notice and without the knowledge of Miller or his counsel. No further proceedings were had therein until February, 1917, when Miller moved for a change of venue, which was granted in the following July, and the case transferred for trial to Weld County. No steps whatever were taken meanwhile by the State to dispose of the case. In May, 1918, Miller filed a motion for discharge, on the ground of unreasonable delay. In July next thereafter he was surrendered to the sheriff by his bondsmen, and then applied for this writ, pending the final determination of which he was admitted to bail.

Upon these facts it is contended that Miller has been denied the speedy trial which is guaranteed by the constitution and the common law. He relies upon section 16 of Article II of the constitution, which is as follows:

"That in criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

In discussing the meaning and effect of constitutional provisions such as are quoted above in 16 C. J. 439, it is said:

"It is usual for state constitutions and statutes to provide for the accused a speedy and public trial. By a speedy trial is meant one that can be had as soon after indictment as the prosecution can with reasonable diligence prepare

for, regard being had to the terms of court; a trial conducted according to fixed rules, regulations and proceedings of law, free from vexatious, capricious and oppressive delays."

In *U. S. v. Fox*, 3 Mont. 512, in speaking to the same question the court said:

"The speedy trial to which a person charged with crime is entitled under the constitution is a trial at such time, after the finding of the indictment, regard being had to the terms of court, as shall afford the prosecution reasonable opportunity by the fair and honest exercise of reasonable diligence, to prepare for trial; and if the trial is delayed or postponed beyond such period, when there is a term of court at which the trial might be had, by reason of the neglect or laches of the prosecution in preparing for trial, such delay is a denial to the defendant of his rights to a speedy trial and in such case a party confined, upon application by habeas corpus, is entitled to discharge from custody."

In determining the effect of like constitutional provisions and the remedy for relief in such circumstances the following cases hold substantially the same as indicated by the foregoing quotations, and approve the method of relief to which defendant herein has resorted. *Arrowsmith v. State*, 131 Tenn. 480, 175 S. W. 545; *State v. Keefe*, 17 Wyo. 227, 98 Pac. 122, 22 L. R. A. (N. S.) 896, 17 Ann Cas. 161; *United States v. Fox*, 3 Montana, 512; and *ex parte Johnson C. Stanley*, 4 Nev. 113.

It appears that the State took approximately forty-five days to dispose of the motion to quash the indictment. No explanation or reason is given for such delay. Neither is there any justification offered for the delay in setting the case for trial, or explanation, reasonable or otherwise, for vacating the trial order after the case had once been set down for trial. It is true that defendant moved for a change of venue, which was granted, but that does not justify nor excuse the delay of five months in acting upon this motion, or the failure to set the cause down for trial in

Weld County. As a matter of fact, no reason or explanation has been given for the failure to proceed upon the indictment for approximately, two years and eight months, which period elapsed between the return of the indictment and the application of defendant for discharge.

The question is therefore whether this unseemly delay in bringing the accused to trial can be held to be reasonable. It appears that the defendant was at all times not only ready, but willing and anxious to proceed with his defense, and that he was in no way responsible for any delay which has postponed a final disposition of the cause. The only delay permissible or justifiable, on the part of the prosecution is that which is necessary for proper preparation for trial, including the securing of the presence of its witnesses.

It is vigorously contended by the State that section 2926, R. S. 1908, requiring the trial of accused persons within two terms of court after indictment, has no application to the case at bar because Miller was at large on bail. The fact that he was at large under bond manifestly does not divest him of the right to that speedy trial which is guaranteed by the constitution, and regardless of the statute he is in any event clearly within section 16, Article II, of the constitution, and under the facts disclosed entitled to the relief prayed.

There is no merit in the contention of the State that Miller failed to comply with Rule 53 of this court in that he failed to first apply for relief elsewhere before asking for this writ. It is manifestly that when his application for a discharge was denied that he could not have applied to another district court for relief, nor could he, without waiving his right to a discharge, have proceeded further with his defense. *People v. Hawkins*, 127 Colo. 372, 59 Pac. 647. The order of the trial court denying the motion to discharge was not such a final disposition of the case as could have been reviewed by this court on error. The only effective remedy left Miller, therefore, was through this application.

The undisputed facts show that the State has been highly remiss in this prosecution. There is no attempt to justify or explain the delay and we must conclude that none is possible. It was distinctively the duty of the prosecution to move in the matter. The State having placed the incubus of a criminal charge upon the defendant, it cannot now be permitted to indefinitely hold this cloud over him and unreasonably and unnecessarily delay action. To do this is clearly in violation ·of the constitutional guarantee of a speedy trial.

The motion to quash the writ will therefore be denied, the defendant is ordered discharged from custody, and the district court of Weld County directed to dismiss the indictment.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.