## No. 11,031.

### ROGERS v. THE PEOPLE.

Decided October 6, 1924. Rehearing Denied November 10, 1924.

Plaintiff in error was convicted of obtaining money by false pretenses.

### *Affirmed.*

### *On Application for Supersedeas.*

1. CRIMINAL LAW—*False Pretenses—Instructions.* In a false pretense case, a requested instruction that it was the duty of the payee to present a check for payment within a reasonable time, held properly refused where the evidence disclosed that the check was worthless at all times.

2. EVIDENCE—*Similar Transactions.* In a prosecution for obtaining money by false pretenses based on the giving of a worthless check, the admission in evidence of two other similar checks issued to the prosecuting witness, by defendant, held not error.

3. CRIMINAL LAW—*Admissions—Voluntary.* An admission by the defendant in a criminal case does not lose its voluntary character because made while declarant was in the custody of an officer of the law.

4. WITNESSES—*Segregation.* A motion for segregation of witnesses is not too late because made after the statement of the case to the jury.

5. *Segregation—Court Discretion.* A party is not entitled to a court order excluding witnesses as a matter of right. In Colorado the granting or refusal of such an order is within the sound discretion of the court.

6. APPEAL AND ERROR—*Segregation of Witnesses—Harmless Error.*
Denial of a motion for exclusion of witnesses held without prejudice, where no two witnesses testified alike.

*Error to the District Court of the City and County of
Denver, Hon. A. F. Hollenbeck, Judge.*

Mr. MORTON M. DAVID, Mr. CHARLES R. CONLEE, for
plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. JOSEPH
P. O'CONNELL, Assistant, for the people.

*Department Three.*

MR. JUSTICE ALLEN, sitting for Mr. CHIEF JUSTICE
TELLER, delivered the opinion of the court.

THE plaintiff in error was convicted of the crime of obtaining money by means of false pretenses and was sentenced to the state penitentiary. The cause is before us on his application for a supersedeas.

According to the information upon which the prosecution was had, the alleged false pretenses involved the issuance by the accused of a check for $181.85, on February 14, 1924, to the prosecuting witness, by means of which check the defendant obtained from such witness the sum of $75. The balance of the amount named in the check was applied by the payee on an indebtedness owed by defendant.

Error is assigned to the refusal of the court to give certain instructions requested by defendant on the duty of a payee to present a check for payment within a reasonable time after the issuance thereof. The instructions were properly refused as not warranted by the evidence. The evidence is uncontradicted that the defendant had only $5 in the bank at the time the check was issued, which amount he at once withdrew and closed the account, and the check would have been, and was, worthless at any time.

It is contended that the court erred in admitting in evidence two other worthless checks which defendant issued

to the prosecuting witness. There was no error in this respect. *Clarke v. People,* 53 Colo. 214, 125 Pac. 113; *Housh v. People,* 24 Colo. 262, 50 Pac. 1036; 16 C. J. 597.

It is claimed that the court erred in permitting a police officer to testify regarding admissions made by the defendant without showing that defendant "was warned of his rights." The admissions were voluntary, notwithstanding the fact that the declarant was in the custody of an officer of the law. 22 C. J. 301, note 50. There was no error in the admission of the evidence of such admissions. *Potyralski v. People,* 53 Colo. 331, 124 Pac. 742.

The contention most urged is that the court erred in overruling defendant's motion to exclude witnesses from the court room. The motion was made before the introduction of evidence but after the statement of the case by the prosecuting attorney. The court held that the motion came too late, and apparently denied it on that ground. While the motion might properly have been interposed before the statement (16 C. J. 842), it was not made too late. 3 Wig. Ev. (2d Ed.) § 1840. The contention in the brief of plaintiff in error is that he was entitled to an order excluding witnesses as a matter of right, citing 3 Wig. Ev. (2d Ed.) § 1839. However, in this state this court has held that this is a matter resting in the sound discretion of the court. *Kelly v. People,* 17 Colo. 130, 29 Pac. 805. In the instant case the court could have denied the motion in the exercise of its discretion. No two witnesses testified alike, so the defendant was not prejudiced by the denial of the motion.

The verdict is sufficiently supported by the evidence. There is no error in the record. The application for a supersedeas is therefore denied, and the judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.