(No. 22312.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT WILSON, Plaintiff in Error.

*Opinion filed April 21, 1934.*

GERALD C. SNYDER, for plaintiff in error.

OTTO KERNER, Attorney General, CHARLES E. MASON, State's Attorney, and J. J. NEIGER, (SIDNEY H. BLOCK, of counsel,) for the People.

Mr. JUSTICE HERRICK delivered the opinion of the court:

On April 22, 1933, the plaintiff in error (hereinafter called the defendant) was arrested on a warrant charging him with arson and brought before a justice of the peace of Lake county. On the same day, on the defendant's failure to give bail, the magistrate issued a *mittimus* com-

mitting the defendant to the Lake county jail. The case was continued from time to time until June 8, 1933. Pending such time, on successive continuances the defendant was committed to the county jail for failure to give bail. On June 8 a preliminary hearing was had. The same magistrate held the defendant to the grand jury and for want of bail he was committed to jail. None of the continuances were made at the request of the defendant. He was in jail during the entire period from April 22 until his trial in the circuit court. At the October term, 1933, of the circuit court of Lake county he was indicted, charged with the crime of burning a dwelling house. He was tried before a jury and found guilty. His motions for new trial and in arrest of judgment were overruled. Judgment was entered on the verdict and he was sentenced to the State reformatory at Pontiac.

The statute provides that the regular terms of the circuit court of Lake county shall be held commencing on the first Mondays of March, October and December, respectively. On February 10, 1933, being one of the days of the December term, 1932, of the circuit court of Lake county, the presiding judge made an order, which was duly entered of record, calling a special term of the circuit court of Lake county to be convened on the fifth day of June, 1933. The order stated that no petit or grand jury should be summoned for such special term. The grand jury for the March term, 1933, of the circuit court was regularly impaneled on March 6. On March 7 the grand jury reported to the circuit court and was excused, subject to recall during the March term. The March term of the circuit court was adjourned on May 27, 1933. The grand jury was not recalled after being excused on March 7. On November 1, 1933, and prior to his trial in the circuit court, the defendant presented his written motion to be discharged from custody under the provisions of section 18 of division 13 of the Criminal Code. This affidavit stated, in

substance, that the defendant was committed to jail on April 22, 1933, that he was not admitted to bail and was not tried at some term of the court having jurisdiction of the offense commencing within four months of the date of his commitment, and that the delay was not upon his application. No answer was filed by the State's attorney to the motion and the affidavit in support thereof. The trial court denied the motion and refused to discharge the defendant. The same motion was urged in arrest of judgment after his conviction. The motion was again denied. The defendant has sued out a writ of error to review the orders of the trial court denying such motions.

So far as section 18, *supra,* is pertinent to the issue, that section provides that any person committed for a criminal or a supposed criminal offense and not admitted to bail and not tried at some term of the court having jurisdiction of the offense commencing within four months of the date of commitment, or if there is no term commencing within that time, then at or before the first term commencing after said four months, shall be set at liberty by the court unless the delay shall happen upon the application of the prisoner. Smith's Stat. 1933, chap. 38, sec. 18, par. 748, p. 1106; Cahill's Stat. 1933, chap. 38, sec. 18, par. 771, p. 1086.

It is contended by the defendant that in computing the time of his commitment by the justice of the peace, such time should be calculated from the date of his incarceration under the *mittimus* issued by the justice of the peace on April 22, and that a commitment, within the meaning of the statute, does not date from the day on which he was indicted. The defendant is correct in this contention. *Guthmann* v. *People,* 203 Ill. 260; *People* v. *Heider,* 225 id. 347; *People* v. *Lindner,* 262 id. 223.

It is earnestly urged by the defendant that he should have been tried at the special June term, and that not having been tried at that term he comes within the provisions of section 18 and should have been discharged on his ap-

plication. In passing upon the defendant's motion for a discharge the trial court properly took judicial notice of its record calling a special June term. (*Bank of Eau Claire* v. *Reed,* 232 Ill. 238; *Bailey* v. *Kerr,* 180 id. 412.) The trial court correctly caused such order to be embodied in the bill of exceptions in this cause. The special June term was called under the provisions of sections 9 and 10 of chapter 37. (Smith's Stat. 1933, p. 933.) Section 16 of the same chapter provides, that unless otherwise directed by the court a grand and petit jury shall be summoned to attend such special term. The order calling such special June term specifically provided that no petit or grand jurors should be summoned. Unless by consent of the parties the court had only jurisdiction to try non-jury cases at such special term, and under section 11 of such chapter could not of its own volition enlarge the range of business to be transacted at that term. (*People* v. *Pueschell,* 337 Ill. 84.) It appears from the record in the *Pueschell case* that a grand jury was impaneled and functioned at the special term mentioned in that case and that the order calling such term provided that no grand jury should be summoned. The record in that case shows such grand jury was called on the petition of the State's attorney. The question of the validity of the call summoning such grand jury and its power to return indictments at such special term was not before the court and was not passed upon in the *Pueschell case.* In the case at bar it does appear that one criminal case, in which the defendant was found not guilty, and eight civil suits, were tried before a jury at such special June term. No order calling a petit jury or directing the clerk to draw a petit jury as provided by statute, or directing the issuance of a venire to the sheriff to try any such cases, appears in the record. The presumption is that in such state of the record such cases tried before a jury went to trial by the mutual agreement of all interested parties. The defendant was not held to the

grand jury until the third day after the convening of such special June term. The State's attorney was under no obligation to request the clerk to order a grand jury for such special term, and the order calling such special term, made more than two months before the defendant was arrested, had specifically directed that no grand jury should be summoned. It is not claimed by the defendant that any grand jury was called or was present at the special term. The State's attorney was not required to request that the grand jury of the March term be recalled after the arrest of the defendant and before he had been held to the grand jury. The March term had adjourned before the defendant was bound over.

It is contended by the defendant that in computing the time from the date of his imprisonment the special June term is a term of court within the meaning of section 18. He has, however, not assisted the court in the solution of that problem by the citation of any authorities sustaining his position. Section 18 was enacted for the purpose of enabling a defendant to obtain the speedy public trial guaranteed by section 9 of article 2 of our constitution. The term "speedy public trial" as used in the constitution is a relative term. It does not mean the defendant may have an immediate trial following his apprehension and indictment, but it does mean that he shall have a public trial consistent with the business of the court. The legislature by the enactment of section 18 has expressed its understanding of such section by fixing a time limit within which the defendant must be tried or set free. That body had in mind that there might not be a term of court having jurisdiction of the offense commencing within four months of the date of the defendant's commitment, so the statute further provides that if there is no such term commencing within the four months' period then the defendant shall be tried at the first term commencing after the expiration of such period. Provision is also made by the same statute

for a further extension not exceeding sixty days, provided a proper showing, as required by statute, is made by the People.

The decision of the case must turn upon the meaning of the words "term of court" as used in section 18. In determining such meaning we must bear in mind the object to be accomplished by the statute. It is obvious the General Assembly had in mind the disposition of the case in the orderly and usual transaction of the business of the court and not as an emergency matter. "A term of court is the time prescribed for holding court for the administration of judicial duties; a definite and fixed period, prescribed by law for the administration of judicial duties, within which the business of the term should be transacted." (15 Corpus Juris, 875.) Terms of court are regular and special. A regular term of court is one held at the time and place fixed once and for all. (*Ex parte Daly,* 66 Fla. 345, 63 So. 834; *Kingsley* v. *Bagby,* 41 Pac. (Kan.) 991; *State* v. *Boucher,* 8 N. D. 277, 78 N. W. 988.) A special term is one not fixed by the general statute establishing the terms of court but is one ordinarily called to convene by the court or judge thereof pursuant to some power granted by the statute. The date for convening a special term is not fixed by statute, as is a regular term, but is determined by the order of the court or judge calling such special term. It may or may not be called for a particular purpose. If called for a particular purpose the business of the court is limited to that purpose. (*People* v. *Pueschell, supra.*) The general rule is, that when a statute speaks of terms of court the terms constituted by law are intended and special terms are not embraced within such designation. *Stultz* v. *Pratt,* 103 Va. 536, 49 S. E. 654; *Cherry Township Overseers of Poor* v. *Marion Township Overseers of Poor,* 96 Pa. 528; *Leavenworth* v. *Lawrence,* 19 Conn. 1; *Smith* v. *Cutler,* 10 Wend. 589, 25 Am. Dec. 580.

We are of the opinion that the correct rule of construction to be gathered from the authorities is, that the words "term of court," as used in a statute referring to terms of court, signifies a regular term fixed by law and not a special term, unless the statute by appropriate language expressly includes a special term in such designation or such conclusion is clearly apparent by implication. Applying this rule, the "term of court" as used in section 18 designates a regular term of court fixed by law and does not include a special term, the calling of which is provided for by sections 9 and 10 of chapter 37. It necessarily follows from our interpretation of section 18 that the defendant was tried within the time required by such section.

The order of the circuit court of Lake county refusing to discharge the defendant was correct, and such order is affirmed.

*Order affirmed.*