## No. 14,513

## In the Matter of the Application of Russo for a Writ of Habeas Corpus.

RUSSO *v.* GUTHNER, EX OFFICIO SHERIFF.
(88 P. [2d] 953)

Decided March 13, 1939. Rehearing denied April 3, 1939.

Mr. A. X. ERICKSON, Mr. DON B. OLIVER, Mr. FRANCIS KIDNEIGH, for petitioner.

Mr. BYRON G. ROGERS, Attorney General, Mr. REID WILLIAMS, Assistant, Mr. JOHN A. CARROLL, Mr. WILLIAM E. DOYLE, for respondent.

*En Banc.*

MR. JUSTICE BOCK delivered the opinion of the court.

THIS is an original proceeding involving an application for a writ of habeas corpus by Anthony Russo, who alleges that he is unlawfully restrained of his liberty by virtue of a criminal capias issued out of the district court of the second judicial district of the state of Colorado.

An information was filed January 21, 1937, charging petitioner with the crime of statutory rape, and on that date a capias was delivered to the sheriff of the City and County of Denver, commanding him to take the petitioner into custody. On the same date the district attorney moved that the cause be continued to January 25, for

the purpose of arraignment and setting for trial. Thereafter, on like motions, it was continued from time to time until February 15, on which date, on motion, the cause was stricken from the trial calendar. No further proceedings were had in the cause until May 20, 1938, upon which date petitioner was arrested for the crime charged, and, on motion of the district attorney, the cause was reinstated and continued to the following day for arraignment and setting. Thereafter and on June 4, 1938, prior to trial, petitioner filed his written motion to dismiss the information filed January 21, 1937, for the reason that he had not been accorded a speedy trial as required by section 16, article II, of the Constitution of the state of Colorado. The trial court set the motion for hearing, received testimony, and on December 24, 1938, it was denied.

On filing the petition for the writ of habeas corpus here we issued an order requiring respondent to show cause why the petition should not be granted. Respondent answered and submitted therewith a transcript of the testimony adduced before the trial court on the motion to dismiss.

Has the respondent shown good cause why the writ should not be granted? We think he has.

Section 16, article II, of our Constitution states, inter alia, that, "In criminal prosecutions the accused shall have the right to * * * a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." This is an important civil right, and when the constitutional mandate is invoked by an accused, the matter should receive our careful consideration.

In the instant case the information was filed January 21, 1937, and petitioner was arrested May 20, 1938. The undisputed testimony on the motion to dismiss was to the effect that efforts were made to arrest petitioner during a period of approximately sixty days after filing of the information. During that time an automobile be-

longing to him was taken into custody and held by the police department of Denver for approximately a year and two months. It never was claimed by petitioner or anyone else. After the arresting officers were unsuccessful in locating petitioner his name was placed on the police pickup bulletin at police headquarters, where it could be seen by all officers. There was evidence showing that petitioner, at the time of filing the information, left the jurisdiction of the court for approximately three months, although in his testimony at the hearing he admitted an absence of three weeks only. On the occasion of petitioner's arrest the officers were told that he was not at home, although a search disclosed his presence in a bedroom of his residence at that very time.

■ This being an original proceeding, we are not bound by the construction which the trial court placed upon the evidence adduced at the hearing on the motion to dismiss. That there was evidence that petitioner evaded arrest cannot be questioned.

■ There was no showing at the hearing that the prosecution was not diligent in bringing petitioner to trial. Obviously, the delay was occasioned by the fact that petitioner could not be apprehended. Under the facts here disclosed, we know of no way that a speedy trial could have been had, the court not having acquired jurisdiction over the person of petitioner. Petitioner's showing is failure of a speedy arrest, not failure of a speedy trial.

It is not claimed by petitioner that there was any evidence to the effect that any officer, knowing of the existence of an information charging the accused with a crime, refused to arrest him, or that the prosecution, after filing the information, instructed the arresting officers that no arrest of the accused be made. Possibly the officers might have been more diligent in making this arrest, but we must take life's realities as we find them. It is very probable, after searching for petitioner for sixty days, and in view of the fact that they had possession of his

automobile, which was unclaimed, that they necessarily engaged in the performance of other duties.

Petitioner relies upon *Ex parte Miller,* 66 Colo. 261, 180 Pac. 749. That case is not in point, for the reason that Miller had been apprehended and was at liberty on bond, and we properly held that under those circumstances a delay of two and one-half years was a denial of the right of the accused to a speedy trial.

Petitioner further contends that a case in point is *De La Mar v. Superior Court,* 22 Cal. App. (2d) 373, 71 P. (2d) 96. The court in that case said that no delay was traceable to the petitioner. However, in California the law provides, "If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information," the court, unless good cause to the contrary is shown, must order the prosecution to be dismissed. Cal. Penal Code (Deering), § 1382.

Our law, section 485, chapter 48, '35, C. S. A., provides: "If any person shall be *committed* for any criminal or supposed criminal matter, and not admitted to bail, and shall not be tried on or before the expiration of the second term of the court having jurisdiction of the offense, the prisoner shall be set at liberty by the court, unless the delay shall have been on the application of the prisoner."

The facts here do not bring this case within the provisions of the statute, because the accused had not been "committed" during the time he claims he was entitled to a speedy trial; he remained at large until May 20, 1938, the day upon which he was arrested.

As stated in *Henwood v. People,* 57 Colo. 544, 550, 143 Pac. 373: "It was not the purpose of our statute to enable the guilty to escape, but to prevent unnecessary delays on the part of the prosecution, so that the utmost which can be claimed for the statute, generally speaking, is that it was thereby intended to give effect to that pro-

vision of our bill of rights which guarantees one accused of a criminal offense a speedy trial, * * * ."

In our opinion, petitioner has failed to show that any constitutional right has been violated as alleged in his petition.

The rule to show cause is discharged and the petition for the writ is denied.