## No. 16,176.

### WARREN v. THE PEOPLE.
(213 P. [2d] 381)

Decided December 19, 1949.

Mr. C. E. SYDNER, Mr. WILKIE HAM, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. RAYMOND B. DANKS, Assistant, for the people.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

PLAINTIFF in error seeks a review of a judgment of conviction against him on a charge of taking indecent

liberties "upon and with the person" of a ten year old girl. The jury, in addition to finding him guilty on the indecent liberties count, also under a second count found him guilty of contributing to the delinquency of the child.

After hearing the argument on a motion, and on a subsequent supplemental motion, for a new trial, the court set aside the verdict of guilty on the second count and denied the motion as to the first count. Defendant files sixteen specifications of points and assignments of error which his counsel argue under the following seven headings:

1. It is urged that count one of the information is defective in that it charges more than one offense, and the trial court erred therefore in instructing the jury on such count.

Count one, upon which the conviction is based, reads as follows: "That Chester Warren, also known as 'Chet' Warren, a male person over the age of fourteen years, late of the County of Bent, and State of Colorado, on or about the 25th day of May in the year of our Lord one thousand nine hundred and forty-seven at and within the County and State aforesaid did commit a felonious assault and take indecent and improper liberties upon and with the person of one Ethel Faye Drayton, also known as Ethel Faye Kearns, a child under sixteen years of age; that the said Chester Warren, also known as 'Chet' Warren, did entice, allure or persuade said child into a room in the County and State aforesaid for the purpose of taking immodest, immoral and indecent liberties with said child; and that said Chester Warren, also known as 'Chet' Warren, did take or attempt to take such liberties with the person of such child on the date and in the County and State aforesaid, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the same People of the State of Colorado." The foregoing count is based upon section 65, chapter 48, '35 C.S.A.,

which reads as follows: "Any person over the age of fourteen years who shall assault any child under sixteen years of age and shall take indecent and improper liberties with the person of such child, or who shall entice, allure or persuade any such child into any room, office or to any other place for the purpose of taking such immodest, immoral and indecent liberties with such child, or who shall take or attempt to take such liberties with the person of such child at any place, shall be deemed a felonious assaulter, and, on conviction thereof, shall be punished, if over eighteen years of age, by confinement in the penitentiary for a term of not more than ten years, and, if under eighteen years of age, may be punished by commitment to the state reformatory or to the state industrial school. [L. '05, p. 181, §1; R. S. '08, §1656, C. L., §6696.]"

One of the grounds for reversal by this court of a judgment of conviction for taking indecent liberties in the case of *Kidder v. People*, 115 Colo. 72, 169 P. (2d) 181, was that the one count upon which the jury returned a verdict of guilty was insufficient. The insufficiency there pointed out does not here exist. The count in the instant case is in the words of the statute. The fact that it contains the various elements which this court discussed in the Kidder case, and which might have been set forth separately, does not make it insufficient. Joyce on Indictments (2d ed.), §§558, 560, 561, 566. The principal criticism that could be directed against the count is that it might be considered duplicitous. An attack on this ground, being a matter of form and not affecting the substantial rights of defendant, must be made before the trial, if at all. *Critchfield v. People*, 91 Colo. 127, 13 P. (2d) 270. Such was not done in the instant case. It does not appear that the defendant was misled as to the charge against him. We therefore believe that the trial court's instructions 1 and 3 were proper.

2. It is contended that the trial court erred in

submitting both counts of the information to the jury. It will be noted that count two, charging defendant with contributing to juvenile delinquency, is based upon another statute, namely: sections 44, 64, chapter 33, '35 C.S.A. An examination of the record does not show that defendant, at any time during the trial, moved to require the district attorney to elect upon which count he would stand. In *Sarno v. People,* 74 Colo. 528, 223 Pac. 41, it was urged that the trial court should, sua sponte, have required the people to elect upon which count they would proceed. We held otherwise. In the instant case the same evidence would be admissible as to each count, and we have held that in such cases no prejudice exists by submitting both to the jury. *Smaldone v. People,* 102 Colo. 500, 81 P. (2d) 385. The joinder of both counts in one information appears to be proper. '35 C.S.A., c. 48, §450.

3. It is further argued that the verdicts of guilty as to each count were inconsistent and hence void, and that the trial court erred in setting aside the verdict of guilty on the second count. Counsel for defendant rely upon *Hurley v. People,* 99 Colo. 510, 63 P. (2d) 1227, in urging this point. We do not believe that that case is in point. We see no inconsistency between the allegation of indecent liberties and that of contributing to juvenile delinquency. The same evidence could well support both counts. In any event defendant here has been sentenced on but one count. In this connection it is further urged that the court exceeded its jurisdiction in setting aside the verdict of guilty on the second count. The reasons for its doing so do not appear in the record. The effect on defendant's position is to relieve him of the possibility of having to serve two consecutive sentences. We are here concerned solely with the trial court's judgment based upon the conviction of the first count. *Short v. People,* 27 Colo. 175, 60 Pac. 350. There is no question here of double jeopardy.

4. The fourth contention is that the court erred

in refusing to exclude from the courtroom witnesses for the people, who were the mother and stepfather of the ten year old prosecuting witness. The record shows that, although they were not allowed to sit in the front of the courtroom near counsel, they were permitted to remain in the back of the room during the time their daughter was being interrogated on the witness stand. The district attorney, in his questioning of the daughter, called attention to the fact that her mother was present in the courtroom. In *Rogers v. People,* 76 Colo. 181, 230 Pac. 391, this court ruled that the exclusion of witnesses is a matter within the sound discretion of the court, and we subsequently approved this ruling in *Phenneger v. People,* 85 Colo. 442, 276 Pac. 983. We are not inclined to hold that the court's action in the instant case was an abuse of discretion.

5. A fifth argument is that the court committed error in refusing to grant a new trial on the ground of newly discovered evidence. This is based upon the claim that defendant was "surprised and tricked" by the failure of the district attorney to call as a witness Dr. S. V. Hageman, whose name was endorsed as a witness on the information. The attorney general points out that the district attorney is under no obligation to call all witnesses whose names are endorsed on the information. *Willis v. People,* 73 Colo. 369, 215 Pac. 854. Counsel for defendant, by the endorsement, was given the opportunity, at his option, of interviewing the witness before the trial. The so-called newly discovered evidence consists of the findings of Dr. Hageman from a physical examination of the prosecuting witness shortly after the commission of the offense, which is the subject matter of this action. His findings, appearing in the form of an affidavit in the record, would be favorable to defendant if he had been charged with rape; but in this case the offense charged was taking indecent liberties with a young girl, and Dr. Hageman's description of her physical condition is consistent with the theory that in-

decent liberties had been taken. We therefore see no error in the court's refusal to grant a new trial on this point.

■ 6. The sixth contention is that certain conduct of the district attorney was improper. This conduct relates to statements alleged to have been made by the prosecuting official in his argument to the jury. The arguments are not set out in the record, and the record shows no objection at the time the statement in question was made. It would appear that it was too late to raise this point for the first time in the motion for new trial. *Foster v. People,* 56 Colo. 452, 461, 139 Pac. 10. One statement to which objection is made is: "that the district attorney wanted the witnesses for the state to have the moral support of their parents in the court room." This statement was not objectionable, because the record shows it was made out of the presence of the jury.

■■ 7. The seventh group of specifications goes to the point that the evidence is not sufficient to sustain the verdict and that the verdict was induced by passion and prejudice. Under this heading it is urged that all of the testimony concerning the circumstances surrounding the commission of the alleged offense came from minors, ten years of age or less. The prosecuting witness herself was the sole witness as to the details of the offense. The testimony of her sister and of another girl playmate had reference to the time when, and the fact that, the prosecuting witness and defendant were alone in defendant's house, in a room where the window curtains were pulled down and where the entrances were closed. It is true that the substantial basis for defendant's conviction rests upon the testimony of minors, but the very nature of the felony described in the indecent liberties statute is such that the testimony of minors is almost bound to play a leading part in such a case. When a minor testifies it is for counsel on the opposing side to make objection, if it appears that

the child testifying does not comprehend the nature of an oath or understand the effect of the testimony he or she is giving; and if the testimony of the child is admitted, it is for the jury to determine what weight is to be given to it. In the instant case defendant did not object at the trial to the competency of either the prosecuting witness or the other children who testified. In the recent case of *Pillod v. People,* 119 Colo. 116, 200 P. (2d) 919, we affirmed a conviction under the same statute here involved. There a girl six years of age, who was the prosecuting witness, was allowed to testify.

█ In the same connection it is urged that the district attorney committed error in directing leading questions to these child witnesses. But in cases like the instant one, we have recognized a wider latitude in asking leading questions—both because of the youth of the witness and the intimate nature of the questions. *Wills v. People,* 100 Colo. 127, 66 P. (2d) 329. Because the record shows that, after some questions were asked, two of the minors did not respond except by weeping, defendant's counsel argue that the verdicts were induced by passion and prejudice. In one instance a member of the jury furnished a handkerchief to a weeping witness. We do not believe that these circumstances would justify a reversal on the ground of prejudicial error. In fact the same argument, that some of the answers of the minors were not responsive, could also be urged against some of the answers elicited from adult witnesses.

The judgment is affirmed.