No. 20,516.

ALFRED ORTEGO MEDINA *v.* THE PEOPLE OF THE STATE OF COLORADO.
(387 P. [2d] 733)

Decided December 16, 1963.     Rehearing denied January 6, 1964.

Plaintiff in error pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. GEORGE W. NICASTRO, Special Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE FRANTZ delivered the opinion of the Court.

MEDINA was charged with robbery and conspiracy to commit robbery, found guilty of both charges, and sentenced to the penitentiary for a term of not less than

6

nine nor more than fifteen years on each count, these sentences to run concurrently and also to run concurrently with a sentence Medina was then serving in the penitentiary.

Reversal is sought on the grounds that (1) there was insufficient evidence to sustain the conviction of conspiracy to commit robbery, (2) there was a violation of C.R.S. '53, 39-7-12, in that Medina was not afforded a trial within two terms after his commitment, and (3) there was a denial of a speedy trial, thereby withholding from him the due process and equal protection secured to him by the Fourteenth Amendment to the Federal Constitution.

We shall first dispose of the contention that there was insufficient evidence to sustain the accusation of conspiracy to commit robbery by reiterating concepts often found in the decisions.

Conspiracy is generally covert and consequently must be established in most cases by circumstantial evidence. A common design is the essence of a conspiracy and must be proved, and such proof may be fashioned from evidence other than that the parties came together and actually agreed upon a method of operation for the accomplishment of an offense. If it be shown " 'that the defendants pursued by their acts the same object, often by the same means, one performing one part and another another part of the same so as to complete it, with a view to the attainment of the same object,' " the quesion of the existence of a conspiracy is presented. *Smaldone v. People,* 103 Colo. 498, 88 P. (2d) 103.

We have read the transcript of the testimony received at the trial and are satisfied that such proof was present, and that the jury was justified in finding that a conspiracy to commit robbery existed. Indeed, a contrary finding would have been inexplicable.

We now consider the second and third contentions calling for resolution; they present problems of real substance. To understand our disposition of them, it is

necessary to relate the chronology of events leading up to the day of trial. In this connection it should be borne in mind that this case was filed and tried in the City and County of Denver, where the court terms begin on the second Tuesdays of January, April, and September of each year.

The several steps chronologically arranged preceding the trial are:

*September Term 1959*

December 24, 1959 — Information filed alleging the commission of offenses on December 16, 1959.

December 28, 1959 — Medina given copy of information and list of petit jurors.

*January Term 1960*

(It appears from the record that Medina escaped from prison and was at large until picked up by his parole officer and returned to the penitentiary for parole violation under a former offense.)

February 25, 1960 — Court assigns counsel to represent Medina and cause continued to March 1, 1960.

March 1, 1960 — Medina upon arraignment pleads "not guilty" and "not guilty by reason of insanity."

*April Term 1960*

April 11, 1960 — Cause continued to September 7, 1960, for trial.

June 14, 1960 — Appointed counsel permitted to withdraw and court appoints new counsel for Medina.

September 7, 1960 — Cause continued to January 12, 1961, for resetting. (Dispute as to whether defendant agreed to the setting for January 12, 1961. The record indicates that Medina asked for a continuance because his attorney was not ready for trial, but that he protested the continuance to January 12, 1961, for resetting.)

*September Term 1960*

Nothing transpired during the September Term 1960 in connection with this case.

8

*January Term 1961*

January 12, 1961 — Case set for trial on March 23, 1961.
March 23, 1961 — Trial date vacated and the case set for trial May 19, 1961.

*April Term 1961*

May 19, 1961 — Case came on for trial and Medina moved for a dismissal on the ground of passage of three terms since any agreement for continuance.

It is to be noted that during the April Term 1960 the case was continued to January 12, 1961, for resetting, that the September Term 1960 and the January Term 1961 passed without a trial, and that the trial commenced in the April Term 1961. Was Medina afforded a speedy public trial? This is the critical question, and the answer to it involves a consideration of several constitutional provisions, federal and state, and of C.R.S. '53, 39-7-12.

By Section 6, Article II, of the Constitution of Colorado, it is provided that "courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character; and right and justice should be administered without sale, denial or delay."

The applicable part of Section 16, Article II, reads as follows: "In criminal prosecutions the accused shall have the right * * * to have * * * a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

C.R.S. '53, 39-7-12, directs that: "If any person shall be committed for any criminal or supposed criminal matter, and not admitted to bail, and shall not be tried on or before the expiration of the second term of the court having jurisdiction of the offense, the prisoner shall be set at liberty by the court, *unless the delay shall have been on the application of the prisoner.* If such court at the second term shall be satisfied that due exertions have been made to procure the evidence for and on behalf of the people, and that there are reasonable grounds to believe that such evidence may be pro-

cured at the third term, they (sic) shall have power to continue such case until the third term. In computing the terms, the term of court at which the indictment is presented, or the information filed, shall not be included." (Emphasis supplied.)

Once Medina successfully obtained a continuance, as contemplated by C.R.S. '53, 39-7-12, the statute spent itself and has no further application. It contains no language making it applicable to the expiration of time after a delay has been caused by the accused. All that remains to the accused are the rights granted him by the constitutional provisions already adverted to. Sections 6 and 16, Article II.

The Bill of Rights is self-executing; the rights therein recognized or established by the Constitution do not depend upon legislative action in order to become operative. *Quinn v. Buchanan,* (Mo.) 298 S.W. (2d) 413; *Payne v. Lee,* 222 Minn. 269, 24 N.W. (2d) 259. Among these rights are those directing that right and justice be administered without sale, denial or delay (Sec. 6) and that a speedy public trial be given the accused (Sec. 16). *Burnham v. Bennison,* 121 Nebr. 291, 236 N.W. 745; *In re Alpine,* 203 Cal. 731, 265 Pac. 947, 58 A.L.R. 1500; see *Ex Parte Miller,* 66 Colo. 261, 180 Pac. 749.

What is a "speedy public trial"? Most important, in involves a "trial" — a judicial examination of issues present in a criminal case in order to arrive at a just result. Justice to both the accused and the public is the primary objective. *Frankel v. Woodrough,* 7 F. (2d) 796. See *People v. Henwood,* 65 Colo. 566, 179 Pac. 874. "Speed" is important insofar as it aids in the achievement of such justice. Hence, a speedy public trial is a relative concept in that the circumstances of each case determine whether it has been afforded an accused. *State v. Simpson,* 125 Wash. 665, 216 Pac. 874; *Beavers v. Haubert,* 198 U.S. 77, 25 S.Ct. 573, 49 L.Ed. 950.

"Speedy public trial," required by the Constitution, does not mean trial immediately after accused is

apprehended and indicted, but public trial consistent with the court's business. *Beavers v. Haubert,* supra; *People v. Wilson,* 356 Ill. 256, 190 N.E. 270; see *People v. Henwood,* supra. It envisions a reasonable opportunity for the prosecution, by a fair and honest exercise of diligence, to prepare for trial, after which, if there is a term of court at which the trial might be had, the prosecution be ready to try the case. *Ex Parte Miller,* supra.

■ "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. *It does not preclude the rights of public justice."* (Emphasis supplied.) *Beavers v. Haubert,* supra. This is the purport of the decision in *Henwood v. People,* supra.

Whether an accused has been denied a speedy public trial within the Constitution is a judicial question. *Ex Parte Miller,* supra; *State v. LeFlohic,* 127 Minn. 505, 150 N.W. 171; *State v. McGowan,* 113 Mont. 591, 131 P. (2d) 262; *Svehla v. State,* 168 Neb. 553, 96 N.W. (2d) 649; *State v. Kuhnhausen,* 201 Ore. 478, 272 P. (2d) 225.

■ The record in this case shows the withdrawal of counsel on June 14, 1960, and the appointment of new counsel. It also shows that the court found that the parties agreed to a continuance of the case to January 12, 1961, for resetting. This finding was made on September 7, 1960. Actually, the record shows an agreement for a continuance to January 12, 1961, for trial, and opposition by the defendant to the case being put over to such date for resetting.

Under these circumstances it cannot be said that Medina was denied a speedy public trial. What is a speedy public trial was a judicial question for the trial court to resolve after a consideration of all the circumstances of this case.

The judgment is affirmed.