No. 20720.

WILLIAM VENA JORDAN, ET AL., *v.* THE PEOPLE
OF THE STATE OF COLORADO.
(393 P.2d 745)

Decided July 6, 1964.

Mr. JAMES R. CARRIGAN, for plaintiff in error William Vena Jordan.

Plaintiff in error Vande James Line, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN E. BUSH, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

JORDAN and Line were convicted of the crimes of kidnapping and assault with a deadly weapon, and sentenced to the penitentiary for these crimes respectively for "not less than twenty-five and not more than thirty years," and for "not less than four and not more than five years." After the imposition of the sentences, the trial court was asked if they would run concurrently with sentences, already pronounced by the Denver District Court in another case, which were then being served by the defendants. The court answered that "Unless the court advised otherwise they do run concurrently; and I have made no other provision."

Reversal is urged on a number of grounds. The only grounds warranting consideration are those hereinafter discussed. Some of the grounds are so intimately related to the question of whether Jordan and Line were afforded a speedy trial that the solution of this question will dispose of them. The only other question to be considered concerns the ruling of the trial court exempting Officer Bray from the operation of its order excluding witnesses.

For a factual understanding of this case, attention is called to our opinions in *Line v. People,* 153 Colo. 368, 386 P.2d 52, and *Jordan v. People,* 151 Colo. 133, 376 P.2d 699. A reading of these cases will reveal immediately the affinity of them with the instant case.

We first devote our attention to the contention that defendants were denied an expeditious trial. Chronology has an important bearing upon the question of the timeliness of the trial afforded Jordan and Line.

The events giving rise to the accusations against Jordan and Line occurred on October 24, 1960. On that day they were shot and Line was seriously wounded, taken to the hospital, and held there under guard until he was removed to the jail in the City and County of Denver. An affidavit in support of an information accusing the two men of kidnapping and assault with a deadly weapon was made by Officer Bray on the 7th day of November,

1960. On November 9, 1960, Line was taken to the Jefferson County Jail.

On about November 11, 1960, he was returned to Denver, where with Jordan he was charged with, found guilty of, and sentenced for, aggravated robbery and conspiracy to commit robbery. These were the sentences which Jordan and Line were serving when sentences were imposed in this case.

On September 6, 1961, the information sworn to by Officer Bray was filed in the District Court for the County of Jefferson. On October 25, 1961, Jordan and Line were arraigned and pled not guilty, and Line also pled not guilty by reason of insanity at the time of the alleged commission of the offense. Pursuant to the statute, an order was entered that Line be examined for thirty days by a commission composed of two psychiatrists.

On December 19, 1961, Line moved for an order to quash the information in this case on the grounds that his constitutional right to have a speedy trial had been denied him. On December 28, 1961, the District Court in Jefferson County heard evidence offered in support of the motion to quash, which showed Line's hospitalization; that while hospitalized he was under guard; that Officer Bray made an affidavit in support of an information nearly a year before the information was filed; that Line was tried in the Denver District Court for robbery and conspiracy to commit robbery, and convicted; that he had never been admitted to bail; and that he had never asked for any continuances. The motion to quash was denied by the trial court.

On March 30, 1962, the People filed a motion for continuance, giving as grounds:

"1. That the defendants are presently sentenced to serve a term from thirty to forty years in the Colorado State Penitentiary at Canon City, Colorado for the crime of aggravated robbery.

"2. That this case is now on appeal in the Supreme

Court of the State of Colorado, and it is to the best economic interest of the People of the State of Colorado to continue this matter pending the outcome of the appeal in the Supreme Court."

On April 5, 1962, the trial court heard the motion for continuance filed by the People and defendants' motion to quash the information, based upon the failure of the trial court to try them within two terms of court as provided by C.R.S. '53, 39-7-12, as amended. Motion for continuance was granted and motion to quash denied.

On November 7, 1962, and just before the trial started, the District Attorney was granted leave to amend the affidavit attached to the information, to have the date thereof conform with the date the information was filed. Defendants then renewed their motion to dismiss because of the failure to duly prosecute, and the motion was denied. Trial to the court thereafter ensued.

At the conclusion of the People's case the defendants again informed the court that they had been denied a timely trial and offered evidence in support thereof, after which they again moved the court to direct the dismissal of the action. The trial court denied the motion.

As ground for reversal and dismissal, the defendants invoke Article II, Section 16, of the Constitution of Colorado, directing that "in criminal prosecutions the accused shall have a right to * * * a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." They say that they have been denied the constitutional right thus bestowed.

The defendants further rely upon Sess. Laws of Colo., 1961, Chap. 101, p. 312 (or its predecessor statute, which for our purposes is virtually the same), which in part provides:

"If any person shall be *committed* for any criminal or supposed criminal matter, and shall not be tried on or before the expiration of the second term of the court *having jurisdiction of the offense,* defendant shall be set

at liberty by the court * * * unless the delay shall have been caused or requested by the defendant. * * * *In computing the terms, the term of court at which the indictment is presented, or the information filed, shall not be included."* (Emphasis supplied.)

██ Whether one accused of a crime has been provided a speedy trial in accordance with the constitutional mandate is a judicial question. Its proper determination depends on the circumstances of the case under consideration. We conceive it as representing the modicum of circumstances that the prosecution be given reasonable opportunity, by a fair and honest exercise of diligence, to prepare for trial, after which, if there is a term of court at which the trial might be had, the prosecution be ready to try the case. *Medina v. People,* 154 Colo. 4, 387 P.2d 733; *Ex parte Miller,* 66 Colo. 261, 180 Pac. 749. The constitutional provision is a "guarantee only against arbitrary and oppressive delays." *Ex parte Miller,* supra; *People v. Utterback,* 385 Ill. 239, 52 N.E. (2d) 775; *State v. Kuhnhausen,* 201 Ore. 478, 272 P.2d 225.

██ To properly raise the question the accused may apply for his discharge or for dismissal for lack of a speedy trial. *People v. Utterback,* supra; *People v. Begue,* 149 N.Y.S. (2d) 791; *State v. Kuhnhausen,* supra. A motion for discharge or for dismissal for want of due prosecution of a charge of crime must be sustained by the accused; he has the burden of showing that he was not afforded a speedy trial. *State v. Beckwith,* 222 Ind. 618, 57 N.E. (2d) 193; *State v. Nelson,* 279 S.W. 401 (Mo.); 22A C.J.S. § 270, p. 44.

█ It was incumbent upon Jordan and Line, as the moving parties, to show that an expeditious trial had been denied them. From a review of the record in this case, it appears that they failed in this respect, and hence the trial court properly denied their motions.

█ The statute providing for a trial within two terms contains certain key words. It requires the person to be committed for a criminal matter; it requires a court

having jurisdiction of the offense; and it computes the two terms that must elapse as excluding the term in which the indictment is presented or the information filed.

Jordan and Line would have the word "committed" apply to the time the "Jefferson County officials took control of his person for sixteen days from" October 24 to November 11, 1961. To them the critical word of the statute is "committed." Resorting to this word as basic, they then cite *Cummins v. People,* 4 Colo. App. 71, 34 Pac. 734, as supporting their contention.

Subsequent to the decision in *Cummins v. People,* supra, the legislature amended the statute. To the statute as then in force the legislature added the words, "In computing the terms, the term of court at which the indictment is presented, or the information filed, shall not be included." Sess. Laws 1907, p. 350. In the Cummins case time started running from the date of commitment; under the statute as amended, it is necessary that the accused be committed, *Russo v. Guthner,* 104 Colo. 91, 88 P.2d 953, but the time starts running with the first term following the term in which the indictment is presented, or the information filed. *In re Schechtel,* 103 Colo. 77, 82 P.2d 762.

There is still another reason why the defendants' contention cannot be sustained. The record is silent as to their having been "committed." We know they were tried for, and convicted of, crimes in Denver. For these crimes they were held in Denver subsequent to November 10, 1960. A case reaching this court in such circumstances is controlled by *Packer v. People,* 26 Colo. 306, 57 Pac. 1087, in which it was said concerning an arrest under one indictment, but where four other indictments had been returned against the defendant:

" * * * The fact that he was arraigned and did not plead in either of these four until just before the last trial in August, 1886, and after the Swan case was reversed in this court, gives color to the *presumption*

which, *in the absence of a contrary showing in the record,* we must indulge, *that the commitment and detention were only in the Swan case, and not in any of the others."* (Emphasis supplied.)

■ Jordan and Line sought to have all witnesses excluded "throughout the trial of the action." The District Attorney resisted "for security reasons." The motion was granted as to all the witnesses except Officer Bray, who later testified in the course of the proceedings. The action of the trial court in exempting Officer Bray from the operation of its order is urged as error by the defendants.

As early as 1891 in the case of *Kelly v. People,* 17 Colo. 130, 29 Pac. 805, this Court held that the exclusion of witnesses from the courtroom during the trial is a matter resting in the sound judicial discretion of the trial court. Such has remained the rule. *Rogers v. People,* 76 Colo. 181, 230 Pac. 391; *Phenneger v. People,* 85 Colo. 442, 276 Pac. 983; *Warren v. People,* 121 Colo. 118, 213 P.2d 381; *Martinez v. People,* 129 Colo. 94, 267 P.2d 654; *Cruz v. People,* 149 Colo. 187, 368 P.2d 774. Sanction for letting a certain person remain in the courtroom although he may be a witness, thus removing him from the operation of an order excluding witnesses, is found in the case of *Martinez v. People,* supra.

■ It must be made to appear that the exemption from exclusion of witnesses resulted from an abuse of discretion before this Court will interfere. *Martinez v. People,* supra. Jordan and Line have failed in this respect.

Finding no error, the judgment is affirmed.

Mr. Chief Justice McWilliams not participating.